LA BELLE SAVINGS BANK, Respondent, v. WILLIAM
TAYLOR et al., Appellants.

## St. Louis Court of Appeals, February 2, 1897.

1. **Promissory Note**: EVIDENCE: FRIVOLOUS OBJECTION. In a suit
for an alleged balance on a promissory note, an objection that the
court erred "in admitting evidence, oral or written, of the discount-
ing of a note on December 24, 1888," under an allegation of the peti-
tion that the note was dated December 14, 1888, was frivolous. The
discounting of a note does not fix its date; it may be given on one
day and discounted on another. Moreover, the evidence complained
of, if it could be held to point to a variance between the note referred
to by it, and the note described in the petition, ought to have been
objected to on that ground, and the objection supported by affidavit
as required by statute (R. S. 1889, sec. 2096, *et seq.*), which was not
done in this case. *Bank v. Leyser*, 116 Mo. 68.

2. ———: BOOK ENTRIES: EVIDENCE. In such action, where it was
insisted that the court below erred in permitting the reading of en-
tries from respondent's books as to notes not signed by one of the
appellants, where the burden of establishing the defenses made by
such appellant was upon him, and respondent gave oral evidence
tending to show that such appellant also signed the note which was
renewed by the one in suit, it was not improper to show by the
books of respondent, in rebuttal of his answer, the consideration of
both notes signed by such appellant, and the dates of their former
renewals by corresponding entries, made at the time, on the books of
respondent, which were shown to contain the entire record of the
notes taken in discount.

3. ———: INSTRUCTIONS. An instruction to the jury, in such case,
that if they found the note in question was executed by all the de-
fendants, and delivered to plaintiff, and by it discounted on Decem-
ber 24, 1888, they should find for plaintiff, which did not ignore the
defenses made, was not error, nor did the court err in charging the
jury that the burden was on defendants to prove their respective
defenses by a fair preponderance of the evidence.

4. ———: ———: EXTENSION OF TIME FOR PAYMENT: RELEASE OF SURE-
TIES: EVIDENCE. An objection that instructions given did not em-
brace any declaration of law upon the defense that there was no
definite extension of time for payment of the note in suit upon a
sufficient consideration without appellants' consent, was not well

taken, where there was no substantial evidence of the *essential* features of such an agreement. An abandoned reply read by appellants, which expressly stated there was no consideration for the extension given, was not sufficient to show a release on that ground. Nor could a note for interest less than the interest which would have accrued according to the face of the note sued on, and, therefore, only a partial payment, debar the holder from suing within the time specified; and, unless the creditor is prevented from suing by a binding contract, his agreement to extend time of payment will not release the sureties on a note.

5. ———: ALTERATION: ONUS: JURY QUESTION. Where, in such action, one of the defenses was the alteration of the note sued on which it was claimed was established by the testimony of unimpeached witnesses, the burden of proof of the defense was cast upon defendants, and the court could not properly direct a finding for them on that issue, the credibility of the witnesses being a question for the jury. *Wolff v. Campbell*, 110 Mo. *loc. cit.* 120.

*Appeal from the Knox Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*O. D. Jones* for appellants.

Entries in books of account to be evidence must be shown to have been made "contemporaneous with the transaction entered." *Martin v. Nichols*, 54 Mo. App. 594–597.

If it is necessary to allege date of execution of note, it is necessary to allege right date. If not pleaded, party has no right to give evidence of it. *Halpin v. School District*, 54 Mo. App. 371.

No issue is made on the pleadings of the execution of the note of December 24. The answers allege the note was made in 1886 by William and Sylvester Taylor, and signed by mistake by Joseph in 1888. Plaintiff contradicts its own pleadings by that evidence. *Halpin v. School District*, 54 Mo. App. 371; *Siebert v.*

*Allen,* 61 Mo. 482; *Bank v. Armstrong,* 62 *Id.* 57; *Wilson v. Albert,* 89 *Id.* 537.

Nor was any issue made on the pleadings of the note being executed on December 24, 1888, by delivery. *Wells v. Poston,* 77 Mo. 284–287.

Unless the allegations of an abandoned pleading be made by mistake of attorney, they are persuasive evidence of the facts stated. *Dozelet v. Rawlings,* 58 Mo. 75–77; *Schad v. Sharp,* 95 *Id.* 574–576; *Anderson v. McPike,* 86 *Id.* 301; *Murphy v. Type Foundry,* 29 Mo. App. 541–544.

William Taylor, unimpeached, testifies to the arrangement for extension of time on note, and Joseph that he knew of it. The defense is complete. *Bank v. Moorman,* 38 Mo. App. 484–486; *Insurance Co. v. Carson,* 31 Mo. 218; *Stilwell v. Aaron,* 69 *Id.* 539–542; *Barrett v. Davis,* 104 *Id.* 549; *Bank v. Wood,* 56 Mo. App. 214; *Wayman v. Jones, Id.* 313.

On the defense of alteration the evidence is conclusive, and there should have been a direction to the jury to find for defendants. *Spohn v. R. R.,* 87 Mo. 74–89; *Carruth v. Richeson,* 96 *Id.* 186–192.

*Blair & Marchand* for respondent.

There was no evidence that respondent agreed to extend the time of payment of the note sued on, and no consideration was proven for the alleged agreement. *Wayman v. Jones,* 58 Mo. App. 313–320. See, also, *Savings Bank v. Hughes,* 62 Mo. App. 576, as to right of cashier to make agreement for extension without authority of directors.

The giving of time to pay a note is not an indulgence in law, nor invalid, and no defense to the note when sued on. *Hosea v. Rowley,* 57 Mo. 357, 359; *Wayman v. Jones,* 58 Mo. App. 313–320.

There was no agreement proven that respondent agreed to suspend the right of action against the parties to said note for a definite period. *Wayman v. Jones*, 58 Mo. App. 313–320.

Payment of interest in advance is not, alone, evidence of an extension of time. *Bank v. Love*, 62 Mo. App. 378–381; *Hosea v. Rowley*, 57 Mo. 357, 359; *Bank v. Gardner*, 57 Mo. App. 268–271.

Defendants having alleged that note sued on was signed by them in spring of 1886, and changed to December 14, 1888, must stand by it. They can not allege one defense and prove another. *Haynes v. Trenton*, 108 Mo. 123–132.

BOND, J.—Plaintiff sues for a balance alleged to be due it on a note for $1,319.80, dated December 14, 1888, bearing ten per cent interest after maturity, and alleged to have been made by defendants. The answer of defendant Joseph Taylor admits his signature to the note, but avers that it was made in the summer of 1888 by a mistake, which arose when he called at the plaintiff's bank to sign another note as surety for his father, at which time the note in suit having been then handed to him, he signed it without observing it was not the note he came to sign; that the note in suit was executed by the other makers long prior to his signature, which was attached by said mistake and without consideration. He further answered, that without his consent, plaintiff for a sufficient consideration agreed with his codefendant to extend the time for payment of the note for one year. He further answered that the note in suit had been altered by a change of its date from the year 1886 to that alleged in the petition. William Taylor answered admitting his signature, but averring that without his knowledge the signature of his codefendant was procured to said note and that its date had

been changed to that mentioned in the petition. The reply takes issue upon the averments of the answers. There was a verdict for plaintiff for $1,613.35. The defendants duly appealed to this court.

The first point made is that the court erred "in admitting evidence, written and oral, of the discounting of a note on December 24, 1888," under the allegation of the petition that the note was dated December 14, 1888. This objection, as the record now stands, is frivolous. In the first place the discount of a note does not fix the date of its execution. It may be given on one day and discounted on another. In the next place the evidence complained of, if it could be held to point to a variance between the note referred to by it and the one described in the petition, should have been objected to for that reason, and the objection should have been supported by an affidavit as prescribed in the statutes. R. S. 1889, sec. 2096, *et seq.; Salmon Falls Bank v. Leyser*, 116 Mo. 68; *Mellor v. Mo. Pac. R'y Co.*, 105 Mo. 471; *Ridenhour v. K. C. Cable R'y Co.*, 102 Mo. 285; *Olmstead v. Smith*, 87 Mo. 602; *Meyer v. Chambers*, 68 Mo. 626; *Fischer v. Max*, 49 Mo. 404. The record shows that these steps were not taken by appellants.

It is next insisted that the court erred in permitting the reading of entries from respondent's books as to notes not signed by appellant Joseph Taylor. In considering this complaint it must be remembered that the *onus* of establishing the defenses made by Joseph Taylor rested upon him. In attempting this burden he adduced evidence tending to prove, among other things, the averments in his answer that the note in suit was dated two years prior to the affixing of his signature in the summer of 1888. In rebuttal of this

*[margin note: Promissory note: evidence: frivolous objection.]*

*[margin note: Promissory note: book entries: evidence.]*

proof respondent introduced the entries on its books tending to show that the note in question was a consolidation in December, 1888, of other notes running back for several years; that this was demonstrable as a mere matter of computation from the records of the business of the bank made when the notes in question were received by it, wherefore the note in suit could not have existed at the time appellant Joseph Taylor claimed to have signed it by mistake, but that another note then existed, to wit, one for $1,256.95, dated March 14, 1888, to which the testimony given by said Taylor as to his signature by mistake was referable. Respondent also introduced oral testimony that this note for $1,256.95 was signed by said Taylor in the summer of 1888. The effect of these book entries was to negative the testimony of Joseph Taylor and explain its proper application. They also serve to show the consideration of the note in suit, which respondent's oral evidence tended to prove was signed by said Joseph Taylor on the day of its date, to wit, December 14, 1888. As respondent gave oral evidence tending to show that Joseph Taylor also signed the note which was renewed by the one in suit, it was not improper in rebuttal of his answer to show by the books of respondent the consideration of both of the notes signed by Joseph Taylor and the dates of their former renewals by corresponding entries made at the time on the books of the bank, which it was shown contained the entire record of the notes taken for discount. This ruling disposes of the first six points made in appellant's brief.

Appellants further complain of the first instruction given for respondent, wherein the jury were told

PROMISSORY note: instructions.

that if they found the note in suit was executed by all of the defendants and delivered to plaintiff and discounted by it on December

24, 1888, they should find for the plaintiff. There was no error in this direction. It did not ignore the defenses made. Each of these defenses was disproved if the note in suit was in fact executed and discounted on the day mentioned in the instruction. This was plaintiff's theory of the case, and if true, necessarily overthrew the defenses set up in the answer. Neither was there any error on the part of the court in giving instructions numbers 3, 4, and 5 for plaintiff, whereby the jury were told that the burden rested on defendants to prove their respective defenses by a fair preponderance of the evidence. All the defenses being affirmative in their nature, necessarily imposed the duty of establishing them upon appellants. In this case ten instructions were requested by appellants. It is conceded that some of them are duplicates of others. They are too voluminous to set out. Every defense available in this record was stated in the instructions given for plaintiff, and in the following given by the court in lieu of all of those requested by appellants, to wit:

"1. If the jury shall believe from the evidence that defendant, Joseph Taylor, signed the note sued on by mistake after it was signed and delivered by William and Sylvester Taylor, then in such case the verdict should be for defendant, Joseph Taylor."

"2. If the jury shall believe from the evidence that Sylvester and William Taylor signed and delivered the note in question and that thereafter defendant Joseph Taylor went to the plaintiff's banking house and signed it, then in such case he is not bound by it, and the verdict should be for defendant, Joseph Taylor."

"3. If the jury shall believe from the evidence that defendant Joseph Taylor signed the note in suit,

after it had been signed and delivered by Sylvester and William Taylor, without the knowledge or consent of said William Taylor, and without being requested to sign said note, by said William Taylor, then the verdict must be for the defendant William Taylor."

"4. If the jury shall believe from the evidence, that the defendants signed the note and that since its execution and delivery, that the date thereof has been altered, in such case the verdict must be for both defendants."

It is insisted that the above instructions do not embrace any declaration of law upon the defense that there was a definite extension of time for payment of the note upon a sufficient consideration without appellants' consent. The answer to this is that there is no substantial evidence in the record of the *essential* features of such an agreement. The abandoned reply read by appellants is not sufficient to show a release on this ground, for it expressly states there was no consideration for the extension given. The only consideration claimed by appellants is that a note was given for a less rate of interest than that specified in the note in suit and was subsequently paid. It is evident that this note was less than the interest which would have accrued according to the face of the instrument sued on. It was therefore only a partial payment of interest and could not debar the holder from suing within the time specified. Unless the creditor is prevented from suing by an obligatory contract, his agreement to extend time of payment will not release the sureties on a note.

It is finally claimed by appellants that the defense of alteration of the note is established under the evidence, because unimpeached witnesses testified that

PROMISSORY note: alteration: onus: jury question. the signature of the father of defendants was in his handwriting, and that for more than a year before the date of the note he was physically disable to sign his name. The burden of proof of this defense was cast upon appellants. The jury may not have believed their witnesses. It would not have been proper for the court to have directed a finding on this issue for appellants, for the reason that the credibility of oral testimony must always be determined by the jury. *Wolff v. Campbell*, 110 Mo. *loc. cit.* 120. Finding no reversible error in this record, the judgment will be affirmed. All the judges concur; Judge BIGGS in the result.