Southard v. Latham, 18 N. M. 503.

[No. 1614, January 10, 1914.]

E. E. SOUTHARD, Appellee, v. J. H. LATHAM, Appellant.

## SYLLABUS (BY THE COURT)

1. The endorsement and delivery of a promissory note operates as an assignment, where the note is non-negotiable; and the assignee, under the statutes of New Mexico, may sue thereon in his own name. Where a note is transferred after maturity it is subject to defenses existing between the payee and payor and the question of its negotiability is immaterial.

P. 507

2. Transfers of property made to innocent third parties, in violation of a restraining order, are not void nor voidable, because made in disregard of such order.

P. 507

3. A surety, on a promissory note is not discharged from liability by an extension of time granted the principal, where the makers are not precluded from paying the note prior to the expiration of such an extension and the extension granted was without consideration.

P. 508

4. An exception to findings of fact made by the trial court must specify the particular finding or findings objected to, where more than one finding is made, and a general objection is insufficient to present any question for review unless all the findings are incorrect and an objection to a finding, where no requested finding on the proposition is asked, which points out counsel's theory or contention, should clearly indicate the claimed error.

P. 510

Appeal from the District Court of Sierra County; Merritt C. Mechem, District Judge; affirmed.

EDWARD D. TITTMAN, Hillsboro, N. M., for appellant.

Error in overruling defendant's demurrer to complaint. 4 A. & E. Enc. 95; Smith v. Crane, 22 N. W. 633; 1 Parsons on Notes, 30; Smith v. Maryland, 59 Ia. 645; Read v. McNulty, 78 Am. Dec. 467; Hughitt v. Johnson, 28 Fed. 865; 7 Cyc. 595, note 71; Davis v. Brady, 97 N. W. 719; Hegeler v. Comstock, 45 N. W. 331; Jones v. Rabatz, 27 Minn. 240; Lamb v. Story, 45 Mich. 488; Garretson v. Purdy, 178.

Error in sustaining plaintiff's demurrer to answer. 8 Cyc. 43; Ginsberg v. Sheman, 128 N. Y. Sup. 653; 8 Cyc. 55, note 90; Campbell v. Gilman, 26 Ill. 120; Bryan v. Saltenstall, 3 Marsh. 672; Kingston v. Walters, 14 N. M. 368; Sec. 2540, C. L. 1897.

Error in sustaining plaintiff's objection to evidence regarding endorsements on the note. Laws 1907; Duncan v. Lawrence, 6 Abbottts Practice, N. Y. 304; Roberts v. Glenn, 4 Ohio Dec. (reprint) 269.

Findings of fact or refusal to make findings are subject to review, if there was no substantial evidence to support such findings. Puritan Co. v. Toti, 14 N. M. 426; 16 Cyc. 1087; Kimball v. Odell, 122 N. Y. Sup. 755; Ham v. R. R. Co., 149 Mo. App. 200; Schwitzer v. Hamburg Amer. P. A. G., 149 App. Div. 900; 134 N. Y. Sup. 812.

Error in refusing and adopting findings. Brooks v. Wright, 13 Allen 72; Davis v. Graham, 29 Ia. 514; Lime Rock Bank v. Mallett, 34 Me. 56; Dubuisson v. Folks, 30 Miss. 432; Randolph on Commercial Paper, vol. 2, p. 652; Fawcett v. Freshwater, 31 Ohio St. 637; Chute v. Pattee, 37 Me. 102; Pierce v. Goldsberry, 13 Ind. 52; Keim v. Andrews, 59 Miss. 39; Abel v. Alexander, 45 Ind. 523; Lee v. Field, 9 N. M. 435.

Error in refusing defendant's proposed conclusion of law No. 2. French v. Bush, 194 Fed. 574; 31 Cyc. 350, notes 34 and 35; Feiselman v. Manchester Fire Ins. Co., 19 So. 540; Creek v. McManus, 32 Pac. 675.

Error in refusing defendant's proposed conclusion of law No. 2. French v. Bush, 194 Fed. 574; 31 Cyc. 350, Daniel's Negotiable Instr., vol. 2, p. 328; Thompson on Bills, 390; National Bank v. McKay, 86 Hun. 365; Gist v. Feist, 61 N. W. 621; Hoffman v. Butler, 105 Ind. 372;

Fisher v. Denver National Bank, 45 Pac. 440; 1 A. & E. Enc. of Law, 364; Anthony v. Fritz, 16 Vroom. 1.

Defense in equity. Guild v. Butler, 127 Mass. 386.

Defense at common law and statute. New York, Pennsylvania, Alabama, Colorado, Kansas, Arkansas, 1884 Dig stats. No. 6389; Georgia, 1892, Code No. 2156; Illinois, 1885, Starr & C. Ann. Stats. 2372; Indiana, 1881, R. S. No. 1210; Iowa, 1880 R. C. No. 2108; Kentucky, G. S. 797; Mississippi, 1880 R. C. No. 997; Missouri, 1879 R. S. No. 3896; N. Carolina, 1883, Code No. 2097; Ohio, 1880 R. S. No. 5833; Tennessee, 1884, Code No. 2725; Texas, 1879 R. S., art. 3660; Virginia, 1873 Code 993; West Virginia, 1884 Ann. Code, ch. 101, No. 1; Randolph on Comm. Paper, vol. 2, p. 610, No. 931.

The change in the principal's liability discharging the surety has been made an equitable defense. (England) 17 and 18 Vict. C. 125.

An extension by a holder with notice that a person is an accommodation maker, discharges. Chopper v. Union Bank, 7 Harr. & J. 92; Rules on Bills, 249; Randolph on Comm. Paper, vol. 2, 582, (ed. 1888); Barron v. Cady, 40 Mich. 259; Stillwell v. Aaron, 69 Mo. 539; Champion v. Robertson, 4 Bush. 17; Mariners Bank v. Abbott, 28 Me. 280; Wallace v. Souther, 2 Can. Sup. Court 598; Day v. Billingsly, 3 Bush. 157; Harrington v. Wright, 48 Vt. 427; Megget v. Baum, 57 Miss. 22.

H. A. WOLFORD, Hillsboro, N. M., for appellee.

The finding of a trial court based upon conflicting evidence is conclusive upon appeal. Riverside Land & Cement Mfg. Co. v. Hardwick, 120 Pac. (N. M.) 123; Doughert yv. Van Riper, 120 Pac. (N. M.) 333; Hamilton v. Havercamp, 130 Pac. (N. M.) 159.

The transferee of accommodation paper, even after maturity, and with notice that it is accommodation paper, takes it discharged of all defenses that might have existed against the accommodated party. Naef v. Potter, 11 L. R. A. (N. S.) 1034.

The extension must be definite and binding and upon a

valid consideration; and as to what would be such an agreement and such a consideration, see 45 Pac. 402; 14 Ohio 348 and annotations; 7 Cyc. 899; 7 Cyc. 900.

Where the uncertainty or indefiniteness of the amount can be cured by reference to some other part of the note, its back or its face, the paper will be treated as negotiable. Tiedeman on Commercial Paper, sec. 28, p. 66; Id., sec. 242, p. 399.

Defendant waived any objection to the ruling of the court when he answered to the merits. Ross v. Berry, 124 Pac. (N. M.) 342.

An injunction against the transfer of a note with a notice of lis pendens and a decree for the surrender of the note will not affect a subsequent purchaser without notice. Randolph, vol. 3, sec. 1687.

Where, after the sustaining of a demurrer to an answer, the pleader elects to amend, he waives the right to allege error on the ruling. Western College of New Mexico v. Turknett, 125 Pac. (N. M.) 1086; Bremen Mining Co. v. Bremen, 13 N. M. 111, 79 Pac. 806.

Court did not err in sustaining the plaintiff's objection to evidence regarding endorsements on the note. Session Laws, 1907, p. 296, sub-sec. 308.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 5th day of January, 1907, the appellant, Frank D. Morgans, and H. L. Roper executed a promissory note payable to Ed Patten, for $2,-000, bearing interest at 12 per cent per annum payable sixty days after date. The note was in the usual form, with the exception of the following stipulation, viz:—

"A failure to pay any of said interest when due shall cause the whole note to be counted as principal at the option of the holder of the note."

In 1912, for a valuable consideration, Patten transferred the note to the appellee by the following indorsement written on the back of the note, viz:—

"Pay to the order of E. E. Southard, Ed. Patton." which endorsement was accompanied by a delivery of the note.

This action was instituted in the court below, to recover from Latham the balance due on the note.

To the complaint appellant demurred on the ground that the note was not negotiable under the laws of this State, hence, a failure to state a cause of action. The demurrer was overruled, which is assigned as error.

The note having been transferred after maturity, would be subject to defenses existing between the payee and payors, and the question as to whether the note was negotiable or non-negotiable is immaterial. The indorsement and delivery of the note operated as an assignment, even though the note should be treated as non-negotiable, (Merchants' National Bank v. Gregg, 107 Mich. 146) and appellee had the right, under our statute to sue thereon in his own name. This being true, the court properly sustained the demurrer.

One ground of defense, set up by the defendant in his answer was, that the original payee of the note, Patten, had been, prior to the negotiation of the note to appellee, enjoined by the District Court of Sierra County from transferring or selling any of his property; that the negotiation of the note to appellee was in violation of such restraining order. To this paragraph of answer a demurrer was sustained. The action of the court in sustaining the demurrer is assigned as error. But clearly the fact alleged constituted no defense. Appellee was not a party to the injunction proceedings, and is not shown to have had notice thereof. The remedy for the violation of a restraining order is punishable for contempt of court. Transfers of property made to innocent third parties, in violation of a restraining order, are not void nor voidable because made in disregard of such an order. The facts set up in the above paragraph of the answer constituted no defense and the demurrer was properly sustained.

On the back of the note in question appeared an indorsement, "For collection, pay to F. A. Hodges or order, without recourse on me. Ed. Patton." Appellant asked appellee if this indorsement was on the note at the time he purchased it, to which inquiry the court sustained an

objection. Of this ruling appellant complains, but he has failed to point out in what manner his rights were prejudiced thereby. Where a party complains of an erroneous ruling by the court, in excluding or admitting evidence, it is incumbent upon him to show injury thereby.

Appellant's assignments of error 4, 5, 6, 7, 8, 11, 12, and 13, will all be considered together, because in so far as any of said assignments merit consideration they question the sufficiency of the proof to support the findings made by the court. The note in question was a joint and several obligation and was signed by Latham, Morgans and Roper; appellant contends that he was surety for Roper; that such fact was known to Patten; that Patten agreed with Roper to extend the time of payment of the note, and that said agreement was based upon a sufficient consideration and that he was thereby discharged. Waiving the question, as to whether Latham was principal or surety, and the knowledge of Patten as to his status, which, upon the evidence would seemingly, necessarily be resolved against appellant, we will proceed to inquire into the effect of the extensions granted by Patten to Roper, for, it will be seen that as such extensions, so granted, did not release the surety, if Latham be treated as such, it becomes immaterial as to whether Latham was the principal promisor, or only a surety for Roper. Memorandums of extensions of time for the payment of the note were indorsed upon the back thereof in four instances, all, however, of the same tenor. We quote the last extension so indorsed: "I herewith extend the time of payment on this note to the 15th day of April, 1910, Ed. Patten." This extension, it will be noted, was a mere forbearance on the part of Patten, not to exact payment until a certain date. The makers of the note were not precluded from paying it at any time. No consideration for the extension was stated, and the evidence did not disclose any. The trial court found there was no consideration therefor. There was no new agreement even to pay the same rate of interest stipulated in the note. Under practically all the authorities such an extension would not release the surety. Even had Roper agreed to pay the

same rate of interest provided for by the note, as a con-- sideration for the extension, such a promise would not support the stipulation, according to the weight of au- thority, both English and American.  (Daniel on Negoti- able Instruments, 5th ed., sec. 1317a; Abel v. Alexander, 45 Ind. 523; Reynolds v. Ward, et al., 5 Wend. 502; Ta- tum v. Morgan, 108 Ga. 336; Fanning v. Murphy, 126 Wis. 538; 5 Am. & Eng. Ann. Cas. 435; Olmstead v. Lati- mer, 158 N. Y. 313, 43 L. R. A. 685.  In the case of Fanning v. Murphy, supra, the following memorandum was indorsed upon the note:

"This note, by mutual agreement, is extended for one year from April 15, 1893, at eight per cent, payable semi- annually, interest having been paid to April 15, 1893, and all coupons surrendered."  The note provided for eight per cent interest.  The Court say:—

"A debtor's promise to pay interest on an existing con- tract and according to its terms during a period of delay in the enforcement thereof, is a promise to do precisely what he is bound to do without a promise.  'If the debt- or's promise to pay interest creates no additional obliga- tion it is no consideration for a contract to delay.'  Sully v. Childers, 106 Tenn. 109, 60 S. W. Rep. 499; Howell v. Seiver, 1 Lea. (Tenn.) 360; Tatum v. Morgan, 108 Ga. 336, 33 S. E. Rep. 940; Harburg v. Kumpf, 151 Mo. 16, 52 S. W. Rep. 19; La Belle Savings Bank v. Taylor, 69 Mo. App. 99.  All elementary writers, as before stated, so far as we can discover, are in harmony with these au- thorities.  1 Brandt, Suretyship, (3rd ed.) sec. 388; 2 Randolph Com. Paper, (2nd ed.) sec. 678; 2 Daniel Neg. Inst. (5th ed.) sec. 1317a."

In the case of Olmstead v. Latimer, supra, the agree- ment for the extension was reduced to writing and signed by the payee.  It was subject to the terms and rate of in- terest specified in the original undertaking.  The Court, in an opinion written by Chief Justice Parker, held that the extension of the time for payment of a mortgage, made by a written agreement which is not based on any consideration, is invalid.  In this opinion the New York cases are reviewed and shown to be in accord on the prop-

osition. From the above it will be seen that a further discussion of the subject would be fruitless; that there was no valid agreement for the extension of the time of payment; that the debtor, by the agreement, was not precluded from paying the note during the term of the extension, and, therefore, the surety, if Latham be treated as such, was not discharged.

Appellant complains of the findings made by the court as to the amount due on the note, as interest, and the attorney's fee allowed. These questions, however, were not called to the attention of the trial court, either by requested findings or objection and exception to the findings made, and this Court will, therefore, not consider the alleged errors. We have determined that the findings made by the court, as to the liability of Latham, were correct. This being true, all the findings were not incorrect, and a general objection to such findings is not sufficient to present for review, objections to particular findings. The rule is thus stated in 8 Am. Ency. Pl. & Pr., 276:

"The exception must specify the particular finding or findings objected to. A general objection will be insufficient, unless all the findings are incorrect, or unless the finding contains only one proposition; and the objection should suggest in what respect the proof is deficient."

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.