This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **No. 33,727**

**KIM N. EUSTACE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Kim Eustace (Defendant) appeals from the district court's judgment on on-record metropolitan court appeal, convicting Defendant of driving under the influence

of intoxicating liquor (DWI) (first offense). [RP 92] The district court judgment is supported by a memorandum opinion. [RP 80] Defendant raises two issues on appeal, contending that (1) she was not legally seized because her seizure was not supported by reasonable suspicion, and (2) there was insufficient evidence that she exercised actual physical control over the vehicle because she was legally parked when approached by the officer and did not intend to drive the car. [DS 1]

{2}     The calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that also is captioned as a motion to amend the docketing statement. [MIO] Our review of the memorandum indicates, however, that no new issue has been raised.  In addition, we have reviewed the memorandum and remain persuaded that the analysis in the calendar notice is correct or appropriate. Therefore, we affirm.

**DISCUSSION**

{3}     **Issue 1 - Reasonable Suspicion.**  In the memorandum, Defendant continues to argue that the anonymous tip was inadequate to provide reasonable suspicion for the officer to approach Defendant's vehicle and investigate her for DWI. [MIO 9] Defendant argues that the tip upheld in *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111, while also uncorroborated, was not as vague as the tip in this case.  [MIO 9-10] In addition, Defendant states that the stopping officer was unaware

of the license plate number, or that, even if he was aware of it, he failed to articulate that information to the metropolitan court at trial. [MIO 2, 10-11] Defendant further contends that the officer did not seek to obtain any additional information regarding the tip, nor did he observe any violations of the law when he detained Defendant. [MIO 9] {4} Initially, we note that the facts this Court relied upon in the calendar notice are those that are set out in the district court's memorandum opinion with references to the CDs from the metropolitan court trial. [RP 80-81] These facts specifically indicate that (1) the anonymous tip in this case was not as vague as Defendant asserts in the memorandum; (2) the stopping officer *was* aware of the probable make, color and exact location of the aggressively driven vehicle; and (3) when the officer made contact with Defendant, who was sitting in the driver's seat, she admitted to just coming from a birthday party and drinking there, and she smelled of alcohol, had slurred speech, and bloodshot, watery eyes. [Id.] The officer further testified that he saw an open whiskey bottle in the vehicle. [Id.] When another officer arrived to investigate, Defendant was asked to perform field sobriety tests (FSTs). After beginning the tests and having difficulty performing them, Defendant told the officer that there was no point in continuing because the officer knew that she was intoxicated and would not pass. [Id.] Defendant was arrested for DWI. [RP 82] Defendant's BAT results were 0.12/0.12. [RP 82]

{5} The details about the aggressive driving, the type of car, its color, and its exact location, are not diminished by the fact that the caller reported seeing a male and Defendant is female; nor are they diminished by the fact that the stopping officer may not have been aware of the license plate number of the vehicle. When contacted, Defendant admitted drinking at another location, and the fact finder could infer that Defendant had very recently parked the car because the officer promptly responded to the priority one call based on the caller's observation of Defendant's aggressive driving. [Id.] Finally, the threat posed to the public by drunk drivers and the minimal intrusion posed by the stop tip the balance in favor of an investigatory stop. *See Contreras*, 2003-NMCA-129, ¶ 21 (holding that the stop made pursuant to an anonymous tip was reasonable when considering and balancing the following: (1) the information given was detailed enough for the deputies to find the vehicle and confirm the description; (2) the caller was an eyewitness to the erratic driving; (3) the threat to public safety posed by drunk driver; (4) New Mexico's concern about the dangers of drunk driving; and (5) the minimal intrusion of the investigatory stop).

{6} We hold that the officer had reasonable suspicion to approach Defendant's vehicle and investigate her for DWI.

{7} **Issue 2 - Actual Physical Control.** In the memorandum, Defendant continues to contend that there was insufficient evidence to support her conviction for DWI,

because she was not exercising actual physical control over a vehicle while legally parked, and she was not intending to drive. [MIO 11-14] Relying on *State v. Sims*, 2010-NMSC-027, 148 N.M. 330, 236 P.3d 642, and *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263 P.3d 925, Defendant argues that there was no evidence of anticipated future driving or factors that provide proof of a general intent to drive. [MIO 12-13] Defendant points out that when the officer approached, she was simply sitting in her car listening to music in the parking lot of the apartment complex. [MIO 12, 14] We are unpersuaded.

{8}     As we discussed in the calendar notice, the State need not prove actual physical control unless "there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated." *State v. Mailman*, 2010-NMSC-036, ¶ 26, 148 N.M. 702, 242 P.3d 269 (recognizing that "we no longer need to rely on actual physical control as a proxy for past driving"). As mentioned above, Defendant admitted drinking at another location. Moreover, the fact finder could infer that Defendant had very recently parked the car after driving there, because the officer promptly responded to the priority one call based on the caller's eyewitness observation of Defendant's aggressive driving. [RP 80-82] Further, Defendant refused to continue the FSTs, claiming she was too

5

intoxicated to pass, she exhibited signs of intoxication, and her BAT test results indicated the presence of alcohol in her blood. [RP 80-82]

{9}      We hold that there was sufficient evidence that Defendant had driven the vehicle while intoxicated.  *See Mailman*, 2010-NMSC-036, ¶ 24 (holding that there was sufficient evidence of past driving where the defendant admitted to drinking five cans of beer and to throwing them out the window as he drove to the store; he refused to take the FSTs and the BAT; he admitted that he was too drunk to pass; he had an open can of beer in the vehicle when he was arrested; he was disoriented and confused; he had bloodshot, watery eyes; and he had difficulty maintaining his balance).

**CONCLUSION**

{10}      For the reasons set forth above and in the calendar notice, we affirm Defendant's conviction.

{11}      **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6

_____

**LINDA M. VANZI , Judge**

7