SMITH *v.* BARKSDALE *et al.*

LEWIS, J. 1. A deed founded partly on love and affection, and partly upon a binding promise by the grantees to pay off all the existing indebtedness of the grantor, is not one based on a purely voluntary consideration, and when by mistake the description of the premises intended to be conveyed is erroneously set forth in such deed, the same may be reformed.

2. There was "no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom," demanded the verdict of which complaint is made; and consequently there was no error in directing the jury to find for the plaintiffs. Civil Code, § 5331.

*Judgment affirmed. All the Justices concurring.*

Argued November 2, — Decided November 30, 1899.

Petition to reform deed.   Before Judge Sheffield.   Early superior court.   October term, 1898.

*W. D. Kiddoo* and *R. H. Sheffield,* for plaintiff in error.
*R. H. Powell & Son,* contra.

---

GRAHAM *v.* ATLANTA NATIONAL BUILDING & LOAN ASSO.

SIMMONS, C. J. 1. In an action by a building and loan association to foreclose a mortgage given to it by one of its members, it is not necessary for it to serve upon the mortgagor "a complete statement of the amount for which they claim judgment, fully setting out the amount claimed for principal, interest, fines, or penalties," until at least thirty days before the court at which judgment is to be taken. A plea in abatement by the mortgagor, filed at the first term, alleging that such notice was not served upon her, was demurrable, and the judge did not err in sustaining a demurrer thereto. Civil Code, § 2392.

2. It is within the discretion of the court at the trial term to allow a default to be opened for providential cause, or excusable neglect, or where, from all the facts, the court may determine that a proper case has been made for the default to be opened, on terms to be fixed by it. Under the facts disclosed by the record, the judge did not abuse his discretion in refusing to allow the default to be opened in this case. Civil Code, § 5072.

*Judgment affirmed. All the Justices concurring.*

Argued November 2, — Decided November 30, 1899.

Complaint.   Before Judge Littlejohn.   Sumter superior court.   December term, 1898.

*Charles J. Graham* and *Edgar F. Hinton,* for plaintiff in error.   *W. F. Clarke,* contra.