## Nickels v. Combs.

(Decided November 11, 1924.)

## Appeal from Perry Circuit Court.

1. Reformation of Instruments—Petition Held to Authorize Reformation to Meet Requirements of Statute of Frauds.—Petition in suit to enforce contract for sale of undescribed barn held sufficient to authorize reformation to meet requirements of statute of frauds.

2. Reformation of Instruments—Reformation of Contract to Bring it Within Requirements of Statute of Frauds and Specific Performance May be Sought in Same Action.—Reformation of contract concerning sale of land, to meet requirements of statute of frauds and specific performance of contract, may be sought in same action.

3. Landlord and Tenant—Option Contained in Written Lease Supported by Sufficient Consideration.—When option to purchase is contained in written lease, payment of stipulated rent is sufficient consideration for agreement to convey.

4. Pleading—Court Cannot on Demurrer Assume that Rental Paid was Inadequate to Support Option to Purchase.—On demurrer to petition in action to reform lease contract and for specific performance of option to purchase, court cannot assume rental paid was

inadequate as consideration for option, where amount does not appear, but such defense may be made by answer.

FAULKNER, STANFILL & FAULKNER and D. G. BOLEYN for appellant.

WOOTON, SMITH & WOOTON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the petition as amended the plaintiff sought a reformation of a written option to purchase real estate; alleged that he had exercised the option and sought specific performance thereof. Demurrer was sustained to these pleadings and they were dismissed. Defendant appeals.

The writing is as follows:

"This certifies that H. H. Combs rented one barn in Hazard to Boyd Nickels with rent paid six months in advance. It is further agreed that if the said Boyd Nickels wants to buy said barn and lot he is to have it for $2,200.00. Twenty-two hundred dollars."

The petition describes the lot by metes and bounds and as being in Hazard, Perry county, Ky.; that the plaintiff leased the lot from defendant for a period of six months, paid the consideration for the six months' rent, and within that period of time exercised his option by tendering to the defendant the stipulated price of $2,-200.00 and demanding a deed therefor, but that defendant refused to convey, and has since attempted to convey to others.

The amended petition alleges that the contract was entered into on the 19th day of May, 1920; that in consideration of the payment of the rent six months in advance the defendant leased him the lot for a period of one year with the right to exercise the option of purchase for the price of $2,200.00; that the consideration, time, terms of lease and option and description of the property were understood and agreed upon, and that it was intended for all these matters to be inserted in the written contract, but by mistake of the draftsman and mutual mistake of the parties it was omitted; that the rent was paid in advance and that within the time speci-

fied he exercised his right of purchase under the option and tendered the purchase price, &c. Further, that he has at all times been ready, able and willing to comply with the contract.

It may be conceded that the language of the written instrument is so indefinite as to come within the statute of frauds. Jones v. Tye, 93 Ky. 390, 20 S. W. 388; Worthem v. Stith, 66 S. W. 390, 23 L. R. 1882.

Further, there is no direct allegation that plaintiff took possession under the lease, the only allusion in the pleading thereto being the allegation that the purchaser from the defendant "had knowledge of the existence of the contract and of his acceptance and tender as well as of the fact that he held the possession of said boundary of land under his optional right to purchase the same."

Perhaps this would be insufficient to show such possession as would identify the land referred to in the contract. However, the allegations of the petition were sufficient to authorize a reformation of the contract in a way to meet the requirements of the statute of frauds; and an action may be maintained for this purpose, and also to enforce specific performance. McMee v. Henry, 163 Ky. 729; Bronston's Admr. v. Bronston's Heirs, 141 Ky. 641. In view of this conclusion it is unnecessary to discuss the grammatical construction of the written exhibit as urged by appellee.

It is next insisted that there is no consideration shown for the option. In this respect it is well established that when an option to purchase is contained in a written lease, the payment of the stipulated rent is a sufficient consideration for the agreement to convey. Tebau v. Ridge, L. R. A. 1915C 367; 16 R. C. L., page 802 and cases cited; Bank of Louisville v. Baumester, 87 Ky. 12; Bacon v. Ky. Central R. R. Co., 95 Ky. 374; Murphy v. Reid, 125 Ky. 591.

In the Bacon case we said: "And it is now well settled that an optional agreement to convey or renew a lease without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it. . . . In this case the option agreement appears in the same instrument with the lease, and was part of the same

transaction, and must for this purpose be treated as if part of the lease."

It follows that under the allegations of the petition there was a consideration for the option. True the amount paid for rent does not appear, but taking the petition as true it appears that such consideration was paid and accepted in advance in accordance with the contract, and the court cannot assume that it was inadequate. That defense may be made by answer. Murphy v. Reid, *supra*.

It is further claimed that as properly construed the petition as amended shows the option was to expire in six months, and further shows a waiver of its enforcement by paying rent for the succeeding six months. Without setting out the pleadings further we are inclined to think this a strained construction, even in construing them most strongly against the pleader, hence if that plea exists it may also be raised by answer.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.