SOUTHERN LEAD CORPORATION, a Florida Corporation, *Appellant*, vs. FREDERICK GLASS, CORAL MACHINE COMPANY, a Florida corporation, H. F. WARD, T. S. LUMMUS, V. L. BARRACKMAN and W. G. WARD, *Appellees*.

138 So. 59.

Division B.

Opinion filed November 23, 1931.

*Frederick J. Ward,* and *James J. Mitchell,* of Miami, for Appellant;

*Stapp, Gourley, Vining & Ward,* of Miami, for Appellees.

DAVIS, J.—In this case the Southern Lead Corporation by bill in equity sought relief against Fredrick Glass, an inventor, to prevent the assignment of a patent, which had been applied for by Glass, to another assignee than the Southern Lead Corporation. The court sustained a general demurrer to an amended bill of complaint and dissolved an injunction which had been granted without notice on the filing of the original bill and dismissed the suit. The complainant, Southern Lead Corporation, ap-

peals from the several orders by which these rulings were made.

It is well settled that an inventor has before the issuance or the allowance of a patent an inchoate right of property in his invention and in a *pending* application for patent which he may assign or with which he may deal as an article of property. Somerby v. Buntin, 118 Mass. 279, 19 Am. Rep. 459; Adams vs. Messinger, 147 Mass. 185, 17 N. E. 491, 9 Am. St. Rep. 679; Currier v. Hallowell, 158 Mass. 254, 255, 33 N. E. 497; Lamson v. Martin, 159 Mass. 557, 35 N. E. 78; Burton v. Burton Stock Car Co., 171 Mass. 437, 50 N. E. 1029; Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Runsteller v. Atkinson, 4 McArthur & M. (D. C.) 382.

It seems also to have been recognized that an agreement to assign a patent is an executory contract which may be enforced in a court of equity (30 Cyc. page 944), and in the exercise of their limited jurisdiction over patents, State Courts in their sound discretion may grant injunctions as in other cases when to deny such relief would work irreparable damage to the complainant. 2nd Joyce on Injunctions, Section 798.

In this case the appellant rested his claim to equitable relief on the foregoing doctrine and by his bill of complaint alleged that previous to the institution of the suit it had entered into an agreement with Glass, the inventor, by which Glass agreed to assign his invention to complainant in consideration of certain stock which complainant delivered to him therefor; that the agreement being at first oral was later reduced to writing and was evidenced by an instrument executed on June 2, 1928, reading as follows:

"WHEREAS, Frederick Glass, of the City of Miami, Dade County, Florida, has filed an application for a patent on a bearing holder, being patent application

number              , dated the              day of
                      , 1928, in the United States
Patent Office, .

NOW THEREFORE, in consideration of the sum of
TEN DOLLARS ($10.00) and other good and valu-
able consideration to him in hand paid, the receipt of
which is hereby acknowledged, the said Frederick Glass
has sold, assigned, and transferred and by these presents
does sell, assign, and transfer unto the said Southern
Lead Corporation, of Miami, Dade County, Florida, en-
tire rights, title and interest in and to said application
for patent number              , together with all patent
rights when obtained and all improvements which the
said Fredrick Glass may make to said bearing holder,
and the commissioner of Patents is requested to issue
the certificate of patent of said bearing holder to the
said Southern Lead Corporation.

                                FREDRICK GLASS

John K. Tilton
Minnie May Smith

STATE OF FLORIDA:
COUNTY OF DADE:  ss.

Before me, the undersigned authority, duly authorized
to administer oaths and take acknowledgments, person-
ally appeared the said Frederick Glass and acknowl-
edged the above instrument as his free act and deed
and for the purposes therein expressed.

Dated this 2nd day of June, A. D. 1928.

                          JOHN K. TILTON
                          Notary Public State of Florida
                          at Large.

My Commission Expires;
Jan. 19, 1930.                          (N. P. Seal)''

Although the written assignment relied upon appears to
refer to a *pending* application presumptively then on file
in the Patent Office, the bill alleges that the application
was not in fact filed until July 21, 1928, after the assign-
ment had been signed and acknowledged and that later
upon receiving information as to the correct date and ap-
plication number, that said information was filled in by
the Southern Lead Corporation so as to make the assign-

ment on its face show the correct date and application number in lieu of the blanks it originally contained.

The object of the amended bill of complaint, as disclosed by the allegations and the prayer, was to reform the written evidence of the assignment so as to show the correct application number and date and to enforce the assignment as reformed against the inventor and against the inventor's assignee, Coral Machine Company, which is alleged to have taken a subsequent assignment of the patent on November 30, 1928, with notice of the prior rights of the Southern Lead Corporation.

It will thus be seen from the foregoing statement of the case that the controversy here narrows down to the proposition, first, as to whether or not the assignment of the patent application as executed, which was attempted to be made on June 2, 1928, was valid, even though it covered an alleged *pending* application which was not in existence at the time. There is also involved a second question which is whether or not a defective instrument of writing of the character relied on can be reformed in equity to carry out an intention of the parties to deal *in praesenti* with the patent application referred to therein which was not filed in the patent office until July 21, 1928, although the instrument was signed on June 2, 1928, in the belief on assignee's part that the application was on file at that time.

In this connection, it is pertinent to point out that the instrument of writing under consideration does not purport to be an assignment of the *rights to an invention* itself, which has been made or which is to be made by the assignor. On the contrary, it specifically limits its effect to an "application for a patent" *on file in the United States Patent Office* at the time.

That no such "application for patent" was at the time on file in the *United States Patent Office* is specifically shown by the amended bill, which alleges that the com-

plainant, Southern Lead Corporation, "believed that application had been filed for letters patent" by the attorney for the said Frederick Glass in Washington, D. C., but that the said application was not in fact filed until July 21, 1928, which was more than a month after the assignment was executed.

If reformation of the written assignment is to be had it can only be had to carry out the actual agreement of the parties which was made on June 2, 1928. If on that date the parties were attempting to contract with reference to a subject which had never been brought into existence, namely, a pending application for patent on file in the *United States Patent Office,* it is plain that the court cannot supply now by reformation what could not have been possible to actually write into the agreement on the day the written evidence of the agreement itself was executed. To do so would amount to the making of a new contract between the parties and not the mere re-establishment of the evidence of an existing one, validly made, but defectively evidenced in a writing.

Since there was no *pending* application on file in the United States Patent Office at the time the assignment was made nor thereafter until long after the written evidence of the assignment was in every respect executed, a court of equity is as much without power to now write into the assignment information which was unknown to the parties and impossible of being known at the time the agreement was made, as the parties themselves were at that time without power or ability so to do.

As has been pointed out, the parties here were attempting to deal with a subject matter which was not in actual existence at the time. The assignment made was without consideration or subject matter for that reason and was invalid as an assignment. Whether such instrument is valid as evidence of an agreement to make an assignment in the future is not involved here, nor is there involved

here a case where a paper has been issued with certain blanks which one party would be permitted to fill in later because blanks of that kind cannot relate to a subject-matter not in existence when the paper was signed.

Whatever may be the rights of the Southern Lead Corporation under its alleged oral agreement by which the inventor agreed to assign his patent and patent rights when obtained is not necessary to be decided on this appeal. The appeal here relates only to the enforcement of an *assignment* of a patent application and not as assignment of the invention itself, or rights therein, or of an actual patent which has been procured therefor.

Insofar as the assignment relied on attempted to deal with an alleged *pending* application which was not in existence at the time, it was *nudum pactum* and unenforceable as an actual assignment in equity by specific performance, or by injunction or otherwise. 1st Page on Contracts, par. 261.

The bill of complaint and the amended bill were therefore without equity and the general demurrers were properly sustained thereto and the bills dismissed. So the orders appealed from must be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.