[No. 28647. Department Two. December 29, 1942.]

WEYERHAEUSER TIMBER COMPANY, *Appellant*, v. ALBERT SKAGLUND et al., *Respondents.*[1]

[1]Reported in 132 P. (2d) 724.

*T. J. Hanify* and *W. E. Heidinger,* for appellant.

*John C. Richards* and *Earl W. Husted,* for respondents.

SIMPSON, J.—This action was instituted by plaintiff for reformation of a right of way deed given it by defendants and for an injunction to restrain defendants from interfering with plaintiff's use of the right of way covered by the deed it sought to reform. Defendants counterclaimed for the breach of an alleged oral contract to pay defendants twenty-five cents per thousand feet of logs transported over the right of way.

The case, tried to the court, resulted in the entry of a decree which reformed the right of way deed, enjoined defendants' interference with the use of the right of way, dismissed defendants' counterclaim, required plaintiff to pay twenty-five cents per thousand feet of logs carried over the right of way, and retained jurisdiction for the purpose of taking an accounting of the timber that had been or might be transported over the right of way. Plaintiff has appealed.

The assignments of error necessary to be noted are that the court erred in entering judgment requiring appellant, as a condition of the reformation and injunction granted it, to pay certain sums of money to respondents; in refusing to enter judgment free of that condition; in retaining jurisdiction of the cause for accounting and other purposes; and in awarding judg-

ment to respondents for their costs in the superior court.

By its notice of appeal, appellant limited its attack to that portion of the decree which reads:

"That the defendants be and they are hereby given judgment against the plaintiff for their costs and disbursements herein to be taxed.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that, as a term and condition of the foregoing reformation, unless the plaintiff elects within ten (10) days from and after the date hereof to pay to the defendants a sum equivalent to twenty-five cents ($0.25) per thousand feet, board measure, for all timber products heretofore or to be hereafter transported over said right-of-way, as hereinabove reformed, and taken from the lands described in Paragraph 4 hereof, 3,743,020 feet thereof having been so transported on and prior to September 3, 1941, and makes such payment within fifteen (15) days from and after the date hereof for such timber products heretofore hauled over said right-of-way, and thereafter on the 10th day of each month for such timber products hauled over said right-of-way during the preceding calendar month, then upon motion of the defendants and notice by them to the plaintiff, the foregoing Paragraphs 3, 4 and 5, of this decree will be vacated and set aside; and that this Court shall, and does hereby retain jurisdiction of this cause, and of the parties hereto, for the purpose, upon the motion and notice of the defendants to the plaintiff or the plaintiff to the defendants, of taking an accounting or accountings with respect to the quantity of timber products heretofore transported, or to be hereafter transported from time to time over the aforesaid right-of-way, as hereby reformed, and for such other purposes as may be equitable and proper in the premises, and pursuant thereto, to make such order or orders as to the Court may seem just and proper."

The only questions necessary to consider are whether the court was justified in imposing a charge of twenty-five cents per thousand feet for all logs moved over the

right of way and retaining jurisdiction for an accounting, and taxing costs against appellant.

Appellant contends that the condition in the judgment rendered by the trial court, providing that appellant pay the respondents twenty-five cents per thousand feet of logs transported over the right of way, was unlawfully imposed by the court. We are in accord with this contention. The only change made by the reformation was to give appellant a right of way over lands not described in the original deed. The consideration named was "the sum of $1.00 and other consideration in hand paid." It must be noted that the provisions of the decree relating to taking an accounting of timber products "heretofore transported" was contrary to that portion of the decree which denied recovery to respondents upon their counterclaim.

The effort to impose a tax upon the right to use the land and to supervise an accounting from time to time was not within the issues, and, in fact, amounted to the making of a new contract between the parties. Courts of equity may not make new contracts for the parties to an action for the reformation of a written instrument. 23 R. C. L. 311; *Rogers v. Clayton,* 149 Miss. 47, 115 So. 106; *Southern Lead Corporation v. Glass,* 103 Fla. 657, 138 So. 59; *Goodfellow v. Barritt,* 130 Cal. App. 548, 20 P. (2d) 740.

The only function of the court, in considering the remedial right of reformation, is to express the agreement which the parties desired to put in writing. Courts of equity do not rectify contracts. They simply rectify instruments purporting to have been made in pursuance of the terms of contracts. *Moeller v. Schultz,* 11 Wn. (2d) 416, 119 P. (2d) 660; *Bronston's Adm'r v. Bronston's Heirs,* 141 Ky. 639, 133 S. W. 584; 21 C. J. 667.

A case in point is *Central Kentucky Natural Gas Co. v. Railroad Commission of Kentucky*, 290 U. S. 264, 54 S. Ct. 154, 78 L. Ed. 307. The facts in that case disclose that the city of Lexington instituted a proceeding before the Kentucky railroad commission to fix rates to be charged for natural gas consumed by them. Pursuant to a contract made between the city and the appellant company the commission impounded ten cents per thousand feet of the rate being charged by the company, and thereafter fixed forty-five cents per thousand feet as a reasonable rate and directed distribution of the impounded fund to the consumers. The company then commenced its suit in equity, in which the district court held the forty-five cent rate confiscatory but declined to restrain its enforcement, unless the complaining utility would accept another rate somewhat higher found reasonable by the court and would furthermore consent that collections in excess of the latter rate, which had been impounded by the court and by state authorities during the controversy, should be distributed in due proportions to the utility's patrons.

In reversing the judgment, the supreme court of the United States stated:

"The power of a court of equity, in the exercise of a sound discretion, to grant, upon equitable conditions, the extraordinary relief to which a plaintiff would otherwise be entitled, without condition, is undoubted.

"There are nevertheless some limitations upon the extent to which a federal court of equity may properly go in prescribing such conditional relief, which are inherent in the nature of the jurisdiction which it exercises. District courts may set aside a confiscatory rate prescribed by state authority because forbidden by the Fourteenth Amendment, but they are without authority to prescribe rates, both because that is a function reserved to the state, and because it is not

one within the judicial power conferred upon them by the Constitution.

"This Court has warned that the power to attach conditions to decrees enjoining state rates. should be cautiously exercised. . . . The practical effect of a denial of relief unless the plaintiff will submit to a rate, the reasonableness of which he challenges, is to make the surrender of the right to invoke a distinctively state legislative function the price of justice in the federal courts. The practice would tend to curtail the exercise of that function by action of a court which is itself without authority either to exercise it or to prevent the state from doing so. Such interference with the legislative function is not a proper exercise of the discretionary powers of a federal court of equity.

"The condition imposed here was not calculated to protect the rights of the parties pending an appeal or further action by the rate-making body. Compliance with it would have involved the surrender of rights asserted by appellant to the funds impounded during a period of more than five years. It would have made impossible any court review of the condition, by appeal or otherwise.

"In the circumstances, there was no occasion for the court to draw upon its extraordinary equity powers to attach any condition to its decree, and the condition which it did attach was an unwarranted intrusion on the powers of the Commission. On the basis of its conclusion that the 45¢ rate was confiscatory, it should have granted appropriate relief, without condition, leaving the Commission free to exercise its authority to fix a reasonable rate, and it should have relinquished its control over the impounded fund by directing the receiver to retain it, not as receiver, but in his capacity as custodian appointed by the Commission, to await its action in fixing a lawful rate."

■ Respondents contend that the equitable principle that he who seeks equity must do equity gave the court the right to impose the restrictions contained in the decree. We of course recognize the rule, but deny its application. Appellant, as determined by the

decree, owed no duty to respondents. Its deed was reformed in accordance with its contention, and the court, by denying respondents' counterclaim, decided that no contract had been entered into which provided for the use of the right of way. This being the situation, the rule would not apply.

■ The trial court by its decree provided that respondents should recover costs. While we recognize the rule that the imposition of costs in equity cases is largely discretionary, we cannot conclude that costs in this case should be taxed against appellant. Appellant brought the action in good faith to reform its deed and to restrain respondents from interfering with the use of the right of way mentioned in the deed. Respondents then pleaded a counterclaim and compelled appellant to go to trial. Appellant was entirely successful and we see no reason for taxing costs against it.

This case is remanded to the trial court, with instructions to modify the judgment in accordance with the views expressed in this opinion.

ROBINSON, C. J., BEALS, and BLAKE, JJ., concur.

---

February 5, 1943. Petition for rehearing denied.