By the Court

Lyon, J.,
delivering the opinion.
1. In general, it may be stated that, to entitle a party to a specific performance, he must show that he has been in no default in not having performed the agreement, and that he has taken all proper step>s, on his part, towards the performance: Story’s Eq., 771. In this case, the complainant not only had not performed any part of his agreement, but he had not offered to do so, or taken any steps towards its performance, although more than six months had elapsed from the agreement to the filing of the bill, when, by its terms, it was to be performed in sixty days. It is true he had tendered ten boxes of the specific tobacco, of an inferior quality, and offered to make up the balance in a dif *141 fereut brand, but this was not the contract. It is also true that he long subsequently tendered the amount in money, but tobacco then, instead of being only worth $1 50 per pound, was worth from $2 50 to $3 00. This was not the contract. Nor had the complainant gone into the possession of the land under an agreement for its purchase, but under a contract for rent. Neither was the contract for its sale with the complainant, but Avith the complainant and another. The injunction Avas, for these reasons, properly dissolved.
2. The cutting and carrying off’ of wood from the land by the complainant amounted to a waste, and in cases of Avaste, injunctions are allowed as a matter of course: Smith vs. City Council of Rome, 19 Georgia, 89; Markham vs. Brown et al., decided at Atlanta, July Term, 1863.
Judgment reversed.