THOMAS R. BENNETT, plaintiff in error, vs. J. H. WILLIAMS et al., executors, defendants in error.

1. Though the record shows that the due-bill sued on is not negotiable, and the suit is brought by a person other than the payee, yet if no motion for a new trial be made, and no objection was made to the admissibility of the due-bill in the court below, and no assignment of error thereon appears in the bill of exceptions, this court will not correct the error.

2. A promise not to collect the balance due on a note, if the debtor will pay part thereof, all being due at the time, until the debtor is put in possession of certain lands, said lands being part of the original consideration of the note, is void. Payment of part of the money due on the note is no consideration in law to support such a promise. It is the duty of the debtor to pay without a condition.

Practice in the Supreme Court. Practice in the Superior Court. Promissory notes. Contracts. Consideration. Before Judge STROZER. Mitchell Superior Court. November Term, 1874.

Reported in the opinion.

W. C. McCALL, for plaintiff in error.

A. L. HAWES, for defendant.

JACKSON, Judge.

1. This case was brought by the plaintiffs, J. H. & W. W. Williams, against T. R. Bennett, on a due-bill. This due-bill is payable to S. H. Cannon. It is not negotiable. But no motion was made for a new trial, and it was suffered to go to the jury without objection, and no error is assigned upon it. Besides, the writ could have been amended, if objection had been made, by inserting the name of Cannon, as plaintiff, for the use of the present plaintiffs.

2. The defendant offered to prove that long after the due-bill was given, Cannon, while in possession of it and in consideration of a payment made on it, agreed not to press the collection of the remaining sum due on the note until defendant was put in possession of seventy acres of land, said seventy acres being part of the original consideration of the note, and that the payee lived beyond the jurisdiction of the court. The court rejected the evidence. We think the court did right. The payment of part of the note is no consideration to support a promise not to collect the balance until the happening of a certain event or the doing of a certain act by the payee of the note, although the payee lives beyond the limits of the State.

We therefore affirm the judgment.