## HOLLIDAY & COMPANY *vs.* POOLE *et al.*

[Blandford, J., did not preside in this case, because of indisposition.]

| 77 | 159 |
| 100 | 478 |
| 77 | 159 |
| 116 | 707 |

1. If the points made in a *certiorari* are pure questions of law, unmixed with facts, the court should make a final judgment in the case; but if questions of fact are involved, as well as issues of law, the court should send the case back for a rehearing on the issue of mixed law and fact.

(a.) In this case, it being pleaded that the surety sued was induced to sign the note and did sign it on account of the false representation of the payee, that his brother had requested him to sign as surety and then he would sign notes of his, this made a case of fraud with damage; he and the evidence being conflicting as to the issue so made, it was proper, on *certiorari*, not to finally dispose of the case, but upon sustaining the *certiorari*, to remand the case for another trial.

2. Payment of a part of the debt due is no consideration for a promise to delay the collection of the balance. Such a promise would be *nudum pactum*, and would not release a surety.

3. Where two suits were brought in a justice's court on two notes separately, and it was agreed that one trial should control both, and where the justice thereupon consolidated the judgment and rendered judgment on both cases for less than $100, and an appeal was taken, and from the finding of the jury a *certiorari* was taken, this court will not hold that the appeal was null and void on the ground that, if a close calculation be made, the amount will appear to be beyond the jurisdiction of the justice's court; nor will this court direct a judgment to be entered beyond that jurisdiction.

4. While it is the better practice, upon the sustaining of a *certiorari*, to return the case with proper instructions to the justice, the omission to do so will not cause a reversal.

October 12, 1886.

Practice in Superior Court. Fraud. Contracts. Principal and Surety. Justice Courts. Appeal. *Certiorari.* Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

This case arose on a *certiorari.* The petition and answer showed, in brief, the following facts: On January 28, 1885, two suits were brought in a justice's court by G. H. Holliday against T. A. Poole and A. S. Poole on two promissory notes, both dated May 12, 1881, and due on November 15, after date, each bearing eight per cent. interest and providing for ten per cent. attorneys' fees for collection. One was for $100 and had a credit on it of $80, dated April 17, 1883; the other was for $64.54. Each stated that it was for provisions and family supplies.

To the first suit the defendant, A. S. Poole, filed two pleas, of which the first was as follows:

" He is surety only in said case, and was deceived by the said plaintiffs in signing said note, by stating that T. A. Poole, defendant, said for him to sign for him and he would sign his, and the same is not true; and of this he puts himself upon the country. February 21, 1885."

The second alleged that A. S. Poole was a security on the note and was so known to be by the plaintiffs; that the plaintiffs had received from the principal a payment of $80 with the understanding that they would wait for the balance and not press the same.

The answer of the justice stated that it was agreed that the suit on the smaller note should abide the result of the other; that judgment was accordingly rendered for the plaintiff on each note; that before the judgments had been entered on the docket, on motion of the defendant's counsel the two cases were consolidated into one, and the justice entered up judgment for both cases, viz., $84.64, principal, $33.34 interest, $12.64 attorneys' fees, and $4 costs, believing that the aggregate judgments were within the jurisdiction of the justice's court.

An appeal was taken to a jury, and on the trial, a verdict was found for the defendants.

It is unnecessary to set out the evidence further than to state that it was conflicting as to whether the representations set out in the first plea were true or not. The

plaintiffs, in their petition for *certiorari*, alleged substantially the following errors:

(1)–(5.) Because the jury found contrary to law and evidence, and erred in finding for the defendant on each of his pleas.

(6.) Because, on the trial of the case on the appeal, the justice's court had no jurisdiction, and the verdict of the jury was, therefore, a nullity and void.

The presiding judge ordered the verdict and judgment to be set aside and a new trial granted. The plaintiffs excepted and assigned error because the court granted a new trial, because he did not render final judgment, because he did not specify the grounds on which he sustained the *certiorari*, and because he did not give instructions to the magistrate.

BROYLES & JOHNSTON, for plaintiffs in error.

R. J. JORDAN, for defendants.

JACKSON, Chief Justice.

The plaintiff in error applied for and obtained a writ of *certiorari* to a justice's court. The court sustained the *certiorari* and remanded the case for a new trial. Whereupon the plaintiff in error brought the case before this court, assigning as error the failure of the court below to make a final disposition of the case instead of remanding it for a new hearing.

If the points made in the *certiorari* were pure law, unmixed with facts, then the court should have made a final judgment in the case, but if questions of fact were involved, as well as questions of law, then the court should have sent the case back for a rehearing on the issues of mixed law and fact.

The questions involved in this case are so mixed. If the surety on the note was induced to sign it, and did sign it, by false representations of the payee, that his brother had re-

quested him to sign as surety, and then he would sign notes of his also as surety, this does not make a case of fraud and misrepresentation without damage to the surety, but it is a case of fraud with damage, and serious damage. The damage is that it makes him obligate himself to pay this note; that it induces him to sign a paper on which he can be sued, and is here actually sued; that it puts him where he has to incur costs of suit and his own lawyers' fees to defend the suit, and on these notes to incur the obligation to pay also the fees of the payee's lawyers; and if there had been a recovery by the payee in the case, it would have been not only the principal and interest, but the fees—ten per cent. of the debt—for the payee's counsel.

On this issue of fraud or no fraud, false representations or none, the testimony is directly in conflict, and the court was clearly right, we think, to remand the case for another trial.

In respect to delay given the principal without consent of the surety, we think that payment of part of the debt due is no consideration for promise to delay, and it is *nudum pactum.*

In regard to the jurisdictional point, argued by a supplemental brief of plaintiff in error and not mentioned in the original brief, the facts show that the appeal is entered from a judgment less than one hundred dollars of principal, including fees as principal, and though the amount entered may be too little on a close calculation correctly made, yet as the appeal is from the judgment of the justice, and that is within the jurisdiction of the justice's court, we do not see that the appeal should be dismissed, leaving that judgment of the justice to stand.

By the answer of the justice, it appears that the suits were on each of the notes separately.  It was agreed that one trial should control both ; and thereupon he consolidated the judgment, and from it the appeal was entered. Being an appeal from a judgment within the jurisdiction,

we think it good, and we see no way consistent with law to dismiss the appeal as null and void. Nor could we, as requested, if we reversed the court below, direct a judgment greater than the jurisdictional limit of the justice's court, even if calculation of counsel were correct, on which we do not pass.

In regard to instructions to the justice, as indicated in the 64th *Georgia Reports,* 576, we consider it as the better practice to give them, but we are not aware that this court has ever reversed the superior court for having omitted to do so. In the 64th, the action of the court in doing so was approved and affirmed.

Judgment affirmed.