## TATUM *v.* MORGAN.

An agreement by a creditor with the principal debtor, made after the debt has become due and without the surety's consent, to forbear the collec- tion of the debt for a definite period, if without consideration, does not discharge the surety.

A promise by the principal debtor to pay interest upon the debt during the time of forbearance forms no consideration for such forbearance, when the debtor is already bound to pay such interest.

The defendant in error in the present case is entitled to damages against the plaintiff in error, for bringing the case here for delay.

Argued June 14, — Decided July 22, 1899.

Complaint on note. Before Judge Fite. Dade superior court. September term, 1898.

*W. U. & J. P. Jacoway* and *R. J. & J. McCamy*, for plaintiff in error. *John G. Hale* and *Payne & Payne*, contra.

FISH, J. Morgan sued Jacoway and Tatum upon a promis- sory note, which was signed by each of them. Tatum filed a plea in which he alleged that he was simply surety on the note for Jacoway; that after the note became due the plaintiff, for a valuable consideration, had, without his knowledge or con- sent, extended the time of its payment, and that he was thereby discharged. Upon the trial of the case Jacoway testified as follows: "Am principal in this note; Tatum is security; and the note is given for a horse bought by me from the plaintiff.

In February after the note fell due I met plaintiff at La Fay-
ette; told him I was not ready to pay the note, and that I
would like until September court to pay him the note; that if
he would wait I would pay him the principal and interest up
to that time; he agreed to do this, and did wait. Never paid
the note or any part of it; did not pay Mr. Morgan anything
for his promise to wait, but agreed to pay him interest up to the
time mentioned, if he would wait, the interest that would be
due on the note when paid." Tatum testified that he "never
heard of this agreement to wait, nor made any assent to it;
thought the note had been settled till this suit was commenced."
Plaintiff, introduced as a witness in his own behalf, denied in
every particular the testimony of Jacoway upon the subject of
indulgence, "and said to the contrary that just before the note
was due he met Jacoway who told him he would be ready to
pay the note when due, and to come, or send over the note
when due, and he would get the money; that he sent his son
after the money, but did not get it." On this evidence, the
court directed the jury to find a verdict against the principal
and surety for the amount of the note, which was done, and
judgment entered accordingly. Tatum excepted to the ruling
of the court directing a verdict, and assigns the same as error.

In our opinion, there was no error in directing a verdict.
Taking the evidence of Jacoway to be true, the agreement of
the plaintiff, in February after the note fell due, to wait until
September court, was without consideration, and therefore not
binding upon him. "A promise to forbear, for a definite time,
will not discharge the surety, unless it be a promise binding in
law upon the creditor, 'such as will tie his hands.'" *Crawford*
v. *Gaulden*, 33 *Ga.* 173. "No such promise is binding unless
supported by a consideration." Ibid. In the case from which
the above quotations are made, the court held that payment
of a part of the debt is not a consideration for a promise of for-
bearance, and, in the opinion, cited the ruling in Reynolds *v.*
Ward, 5 Wendell, 502, that "a promise to pay interest, during
the time of forbearance, forms no consideration for the agree-
ment to forbear, when the debtor is already bound to pay in-
terest." In the present case there was no consideration what-

ever for Morgan's alleged promise to forbear for a definite period, unless Jacoway's promise to pay the interest which would accrue upon the note during this time was a consideration.  The note bore interest from date, and of course the interest would continue to run until the note was paid.  So, by the terms of the existing contract, Jacoway was bound to pay interest for the time that the plaintiff might indulge him, whether he made any new promise to do so or not.  As was well said by the court, arguendo, in Reynolds v. Ward, supra, in reference to a similar promise by the principal debtor in that case, "The promise [by such debtor] to pay interest so long as the plaintiff should delay . . was a promise to do precisely what he was bound to do without a promise."  "If the debtor's promise to pay interest creates no additional obligation, it is no consideration for a contract to delay."  The principle is thus stated by Stephens, J., in *Goodwyn* v. *Hightower*, 30 *Ga.* 252: "It is well settled that no discharge results to the surety from such indulgence of the principal as is granted to mere entreaty, and not on account of a valuable consideration; for such indulgence, being voluntary, is determinable at the will of the creditor, and can be no legal obstruction to the collection of the debt."  A surety is not released by a promise of indulgence made by the creditor to the principal debtor, unless the effect of the promise is to tie the creditor's hands.  A promise of indulgence based upon no valid consideration does not prevent the creditor from enforcing his demand.  *Bonner* v. *Nelson*, 57 *Ga.* 433.  The judge did not err in directing a verdict against the surety, because, even under the evidence introduced by the surety, no other verdict could have been legally rendered. This writ of error being manifestly without merit, the defendant in error is entitled to damages against the plaintiff in error, for bringing the case here for delay.

*Judgment affirmed, with damages.    All the Justices concurring.*