8182. HOLMES *v.* FIRST NATIONAL BANK OF ARCADIA, FLORIDA.

BROYLES, P. J. 1. The discretion of the trial judge as to opening defaults at the trial term will not be interfered with unless manifestly abused. *Brawner* v. *Maddox*, 1 *Ga. App.* 332 (5) (58 S. E. 278); *Thompson* v. *Kelsey*, 8 *Ga. App.* 23 (68 S. E. 518); *Graham* v. *Atlanta National B.*

& L. Asso., 110 Ga. 278 (2) (34 S. E. 847); Tower v. Ellsworth, 112 Ga. 460 (37 S. E. 736).

2. The trial judge did not err in refusing, at the trial term, to open the default, on the ground that the plea filed was insufficient in law, or in thereafter directing a verdict against the defendant for the full amount sued for. The plea to open the default set forth in substance that before the maturity of the notes sued upon, the plaintiff agreed in writing to extend the time of payment of the notes, but that when they fell due the plaintiff refused to carry out this promise, although the defendant then requested the plaintiff to do so; and the defendant contended that under the facts the notes sued upon were not due. Under the facts of the case, the plaintiff's letter to the maker of the notes sued on (upon which the defendant was an indorser), offering or promising to extend the time of payment of the notes, was a naked promise, made without any consideration whatever. Even if in this transaction there was an implied or an express promise by the maker and the indorser, made before the notes were due, to pay them if the time for payment were extended, such a promise could not form a consideration for the extension, since the maker of the notes and the defendant, as indorser, were already bound to pay them. See Tatum v. Morgan, 108 Ga. 336, 337. No presumption of a consideration arises under the facts of this case, and the defendant fails to show wherein he was injured, or the plaintiff benefited, by the promise to extend the time of payment. Moreover, it does not appear that the plaintiff's offer to extend the time of payment was ever accepted by the maker of the notes or the defendant, or that the time of payment was ever actually extended. In addition, even if the defendant had a meritorious defense to the suit, his plea to open the default does not state a sufficient reason for not filing an answer at the return term of the court, or within thirty days after the entry of "default," as provided by section 5654 of the Civil Code of 1910.

3. This writ of error being manifestly without merit, the prayer in the brief of the defendant in error, that ten per cent. damages as provided by the Civil Code, § 6213, be awarded against the plaintiff in error, for bringing up the case for delay only, is granted.

*Judgment affirmed, with damages. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 25, 1917.

Motion to open default; from Crisp superior court—Judge George. February 21, 1916.

*E. F. Strozier,* for plaintiff in error.    *F. G. Boatright,* contra.