## 14651. LEE v. WILMINGTON SAVINGS BANK.

JENKINS, P. J. This was a suit on a promissory note, whereby, in accordance with a provision therein, the plaintiff exercised its option to treat the note as past due on account of default in payment of interest. The plea of the defendant set forth: 1st. "Prior to said interest coupon becoming due, it was agreed between defendant and plaintiffs, through their agent and attorneys, Tilson & McKinney, that if said interest was not paid when due, defendant was to pay an additional and valuable consideration for the time taken to pay same beyond time said interest coupon was due." By a proffered amendment the defendant sought to show that for such indulgence the defendant "was to pay a substantial and agreed upon amount of consideration, and defendant acted upon and is now acting upon said agreement." 2d. "After said interest coupon was past due, plaintiffs through their said agents and attorneys did waive right to declare the principal sum due and collectible, by ignoring their right to declare the principal sum due for nonpayment of said interest coupon, insisting that defendant pay all or as much as he could, and as fast as he could (telling defendant that they were very anxious to have same paid to avoid criticism), and, if he would do so, they would give him time. Plaintiffs by their said agent and attorneys, after interest was due, did accept part of same, stating, if same was paid, they would waive for a time their rights to declare the principal sum due, for they preferred interest paid to exercise right to foreclose." By a proffered amendment the defendant sought to show that by such conduct plaintiff "recognized defendant's right to pay same in lieu of declaring the principal sum due," and "that plaintiffs have forever waived their right to declare the principal sum due for nonpayment of interest." On objection by plaintiff the amendments referred to were disallowed, and on motion the plea was stricken and the case ordered to proceed as in default. To these rulings and orders and to the verdict in the plaintiff's favor the defendant excepts. *Held:*

1. "The elements of certainty, mutuality, and consideration are necessary to constitute a valid agreement for an extension of time." 8 C. J. 426 (§ 628); *Alston* v. *Wingfield*, 53 *Ga.* 18 (2), 24; *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940); *Holmes* v. *First Nat. Bk.*, 19 *Ga. App.* 810 (2) (92 S. E. 298). The agreement for an extension was therefore fatally defective.

2. The conduct of the plaintiff in giving the defendant an opportunity to pay the interest after his default, instead of instanter accelerating the maturity of the entire debt, did not operate as a waiver of his rights under the contract. The rule stated in *King* v. *Lipsey*, 142 *Ga.* 832 (1) (83 S. E. 957), has no application in a case such as this. The holding in that case was as follows: "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so. Civil Code (1910), § 4268, par. 8. But where time is of the essence of the contract, it may be waived; and where the contract is not treated as at an end, but there is insistence as to the performance on the one side after the date of maturity, and a part performance ac-

cepted on the other, this amounts to a waiver." There the question did not in any wise relate to when the contract of purchase and sale could be enforced by the seller, but solely to whether the buyer's previous default in the terms of payment operated to forfeit his entire rights under the agreement, despite the fact that subsequent to such default the seller had induced and accepted payments and benefits under the contract which he later sought to repudiate in its entirety. Such conduct on the vendor's part, being inconsistent with his original right to rescind the contract of sale, amounted to a waiver of such right. Here the validity of the loan contract is not in issue, the contention being that the conduct of the lender amounts to a waiver of one of its terms. There is no merit in the contention that the conduct of the plaintiff in merely seeking to induce the defendant to comply with the terms of his agreement waived his right to insist thereon.

　　　　　　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*

　　　　　　　　　Decided December 7, 1923.

Complaint; from Newton superior court—Judge Hutcheson. March 20, 1923.

Application for certiorari was denied by the Supreme Court.

*Robert Lee,* for plaintiff in error.

*J. Howell Green, Tilson & McKinney,* contra.