## DRUID HILLS *v.* DOUGHMAN.

No. 7791. DECEMBER 9, 1930.

*Stewart, Long & Cody,* for plaintiff in error.
*T. B. Higdon,* contra.

BECK, P. J. Mrs. Christine Doughman brought her equitable petition against Druid Hills, a corporation, and against J. R. Hall, sheriff of the County of DeKalb. In the petition it is alleged that Druid Hills is plaintiff in a certain fi. fa. issued from the city court of Decatur against petitioner for a stated sum, the fi. fa. having been issued upon a judgment rendered upon certain purchase-money notes executed by petitioner to Druid Hills. These notes were given for the purchase-price of a certain tract or lot of land, and petitioner had made payments on the purchase-money notes before judgment was obtained against her. Petitioner had also expended large sums of money in improvements upon the land so purchased by her. It is alleged that the property can not now

be sold for its value, on account of the depressed financial condition, etc.; and that if brought to sale now under the levy of the fi. fa., the land or property would be sacrificed and loss caused to petitioner. And it is further alleged that petitioner through a named agent, on July 1, 1929, entered into an agreement with Druid Hills, by the terms of which petitioner was to pay the defendant the sum of $650 representing the accrued interest on all the unpaid purchase-money notes, and pay the attorney of the plaintiff in fi. fa. his attorney's fee for taking the judgment against petitioner. Petitioner did pay the $650 and the attorney's fee. "In consideration of the payments made by petitioner the defendant Druid Hills agreed that it would extend to petitioner an additional period of time of twelve months from the date of said payments, in which to make further payments on the judgment and purchase-money notes; or to refinance the purchase-price of said property and arrange for the satisfaction of the judgment. This agreement was entered into on the part of the defendant by its agent and representative;" but in violation of this agreement, the defendant, before the expiration of the twelve months period agreed upon, is proceeding to enforce the fi. fa. The prayers were for injunction, etc. The court granted an injunction restraining the defendant company from proceeding with the enforcement of the execution by the sale of the property before the expiration of the twelve months from the time of the agreement.

The court erred in granting the injunction. Even if the corporation, Druid Hills, entered into the agreement as alleged, promising that in consideration of the sums to be paid, and which were actually paid, it would not proceed to enforce the fi. fa. issued on the judgment in their favor against petitioner, this was not such a contract as would be binding upon the corporation. The amount promised as a cash payment, and which was actually paid, was due under the judgment. It was a debt past due, which the judgment creditor was entitled to. The payment of a part of it was not a valid consideration for a promise to delay the enforcement of a judgment or the fi. fa. issued upon it. This question has been adjudicated. *Crawford* v. *Gaulden, 33 Ga.* 173. The discussion of the question there renders unnecessary further discussion here. See also the case of *Tatum* v. *Morgan,* 108 *Ga.* 336 (33 S. E. 940). *Judgment reversed. All the Justices concur.*