Cox *et al.* v. Henry.

Beck, P. J. Mrs. Minnie Lee Cox executed and delivered to W. G. Henry a security deed containing a power of sale, the power to be executed by the grantee in the deed upon failure to pay the debt at maturity. Upon the happening of the contingency the grantee, after complying with the requirement as to advertising, etc., sold the land. Subsequently the grantor and her husband filed this suit in equity, seeking injunction against the grantee, who was the purchaser of the land at the sale thereof, to restrain him from transferring or encumbering the land, and praying for cancellation of the deed made in her name to the defendant under the power of sale. It was alleged that when or just before the debt secured by the deed fell due, the petitioner entered into negotiations with the defendant, the grantee in the security deed, and reached an agreement under which, by the payment of a part of the money due in a short time, further time would be allowed her to make arrangements for the procurement of a sum necessary to discharge the debt, and an extension of time was agreed upon between petitioner and defendant; that defendant, in violation of the understanding and agreement, advertised the property for sale in pursuance of the terms contained in the power of sale; that the conduct of the defendant was fraudulent and "an effort to cheat and defraud petitioner out of her property;" that at the sale the property brought only a very small sum as compared to its real value; and that the defendant, the grantee in the security deed, brought suit upon the notes, which had been indorsed by her husband, in the city court of Decatur. At the hearing the defendant filed a motion in the nature of a general demurrer, which the court sustained. To this judgment the plaintiffs excepted. *Held:*

1. The court did not err in sustaining the general demurrer. There are no facts alleged showing such fraud upon the part of the defendant as would authorize the relief prayed for. The agreement upon the part of the defendant to allow more time to petitioner in which to raise money to pay the debt was without consideration, and was not binding upon the defendant. *Druid Hills Inc.* v. *Doughman*, 171 *Ga.* 521 (156 S. E. 229).

2. Inadequacy of price, in the absence of fraud upon the part of the grantee in the security deed, is not ground for setting aside the sale and cancelling the deed.

3. The fact that the defendant brought suit upon the notes given for the debt of the grantor in the deed to the grantee affords no ground for the relief sought in this petition. *Montgomery* v. *Fouché*, 125 *Ga.* 43 (53 S. E. 767). *Judgment affirmed. All the Justices concur.*

No. 8000. April 16, 1931.

*H. F. Sharp* and *Frank T. Grizzard,* for plaintiffs.

*Underwood, Haas & Gambrell, Weeks & Candler,* and *Charles D. Hurt Jr.,* for defendant.