### 34730.  QUILLIAN *v.* MABRY.

WORRILL, J.  This case is before this court on exceptions to a final judgment in favor of the plaintiff in a suit to recover the balance alleged to be due on a certain unconditional promissory note, in the principal amount of $1,500, executed by the plaintiff in error, and payable to the defendant in error 12 months after its date.  The defendant filed an answer, in which he sought to set up in substance: that, after the note had become due, the plaintiff entered into an agreement with him whereunder the defendant agreed to pay, and the plaintiff agreed to accept, $100 on April 1, 1952, and the further sum of $50 on the first of each month thereafter until the entire amount of the indebtedness had been paid, and that the plaintiff agreed not to sue for the collection of the note; that the defendant paid the $100 on March 31, 1952, and the sums of $50 each on or about the last day of each of the months of April, May, June, July, and August, 1952, and that $50 was tendered to the plaintiff on September 30, 1952, after the present suit had been filed, but was refused by the plaintiff; that the defendant is and has

been, since the inception of the suit, ready, willing, and able to comply with the terms of his agreement with the plaintiff; and that, by reason of the pleaded facts, nothing is due on the note and the defendant is not indebted to the plaintiff in any sum whatsoever. The trial court struck the plea and answer upon demurrer thereto by the plaintiff, and thereafter entered final judgment in favor of the plaintiff for $1,346.96 principal, $50.52 interest, and $139.74 attorney's fees. By exceptions pendente lite the defendant excepted to the order striking or dismissing his plea and answer, and assigns error here in his bill of exceptions upon his exceptions pendente lite, and upon the final judgment denying his motion for new trial, contending that the alleged erroneous judgment striking his answer rendered all that occurred thereafter in the trial of the case nugatory. *Held:*

1. There being no brief of the evidence, the general grounds of the motion for new trial, which require a consideration of the evidence for their decision, are not considered.

2. It is a principle of law too well established to admit of argument that, for a new agreement to be valid as extinguishing an existing and enforceable obligation, there must be a consideration moving to the promisor or some detriment to the promisee. A mere agreement by the obligee to accept and by the obligor to pay interest for an extension of time, which interest the obligor is obligated to pay under the terms of the original instrument anyway, does not constitute sufficient consideration for such an extension. *Tatum* v. *Morgan,* 108 *Ga.* 336 (33 S. E. 940); *Holmes* v. *First National Bank of Arcadia, Florida,* 19 *Ga. App.* 810(2) (92 S. E. 298); *Lee* v. *Wilmington Savings Bank,* 31 *Ga. App.* 327 (1) (120 S. E. 689); *Rutledge* v. *Temple Banking Co.,* 31 *Ga. App.* 686 (1) (121 S. E. 707); *Jones* v. *Lawman,* 56 *Ga. App.* 764 (194 S. E. 416). The acceptance by the obligee of payments under the alleged agreement, being merely the acceptance of a portion of what was due her under the terms of the original agreement, did not constitute a waiver of her rights under the terms of the original instrument. *Lee* v. *Wilmington Savings Bank,* supra, headnote 2. The answer in the instant case shows that the agreement of the obligee to forego suit against the obligor, made after the indebtedness had matured, was unsupported by any consideration or benefit moving to the obligee, and such agreement was nothing more than a mere naked promise on the part of the obligee, and as such is unenforceable in any court of law. It further shows that such agreement constituted no detriment to the obligor; he did not give up any right or benefit which he previously had, nor did the obligee acquire any right or advantage which she did not previously have. Under the foregoing rules of law, the answer set up no valid defense to the action on the promissory note, and the trial court did not err in dismissing the answer on general demurrer of the plaintiff.

3. While there is no room for dispute as to the question of law involved in this case, its application to particular facts may involve honest differences of opinion, and we cannot say, therefore, that the appeal in this case is so manifestly an appeal for delay only as to justify the assessment of damages under the provisions of Code § 6-1801. The

. motion of the defendant to assess damages under the provisions of that Code section is, therefore, denied.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED OCTOBER 1, 1953.

*Nall & Sterne,* for plaintiff in error.

*J. V. Poole, Frank A. Doughman,* contra.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*