21274.   JONES v. CENTRAL BUILDERS
SUPPLY COMPANY, INC.

Argued June 13, 1961—Decided September 8, 1961.

194

*Scott Walters, Jr., Dan Copland,* for plaintiff in error.

*Jas. L. Thomason, Alfred A. Rice,* contra.

QUILLIAN, Justice. ■ A general demurrer asserting that a petition seeking both recovery of damages and equitable relief sets forth no cause of action requires a decision only as to whether the plaintiff, under the allegations of the petition, is entitled to the recovery sought or the relief prayed. *Copeland v. Cheney,* 116 Ga. 685, 687 (43 SE 59).

■ The petition seeks to obtain a decree that the promissory note and security deed given by the plaintiff to the defendant be reformed so as to delete from those instruments the clause providing that the date of their maturity was 120 days after the date they were executed. There is no averment that the clause fixing the maturity date of the note and deed was inserted therein unintentionally or through fraud, accident, or mistake. On the contrary, the petition relates that the parties intentionally drafted the note and deed to stipulate that they would fall due 120 days after the date of their execution.

In the case of *Deck v. Shields,* 195 Ga. 697, 701 (25 SE2d

514), is the pronouncement: "Reformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties, where from some cause such as fraud, accident, or mistake, it does not express such intention. The remedy is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual agreement." A similar holding is *Crawford v. Schaefer*, 181 Ga. 221 (181 SE 587). Also see *Smith v. Robinson*, 214 Ga. 835, 836 (108 SE2d 317).

The petition failed to allege cause for reformation of the note and deed or grounds for specific performance of the contract as prayed.

■ The petition tacitly admitted that the plaintiff would be unable to positively allege that any part of the agreement, except the note and deed, were in writing, and in his brief filed in this court the plaintiff admits the agreement was verbal. Hence, the clause of the parol agreement providing that the note and deed would mature at a different date than expressed by their terms was subject to the rule: "Where both agreements constitute parts of the same contract, or where the oral agreement, though separate and distinct, varies or contradicts the terms of the written instrument, it is unenforceable." *Cottle v. Tomlinson*, 192 Ga. 704, 712 (16 SE2d 555); *Stonecypher v. Georgia Power Co.*, 183 Ga. 498 (189 SE 13); *Miller v. Shaw*, 212 Ga. 302, 308 (92 SE2d 98).

■ The petition undertook to set forth a cause for the recovery of simple and punitive damages. The claim of both species of damages is predicated upon the contention that the defendant breached the contract. "Exemplary damages can never be allowed in cases arising on contracts." *Code* § 20-1405. The punitive damages were not recoverable, under the rule announced in: *Chattanooga, Rome & Columbus R. Co. v. McLendon*, 86 Ga. 517, 524 (12 SE 941); *Hadden v. Southern Messenger Service*, 135 Ga. 372, 374 (69 SE 480); *Georgia Kaolin Co. v. Walker*, 54 Ga. App. 742, 746 (189 SE 88).

In order for the plaintiff to recover any damages it was

necessary that the petition show performance of the contract by the plaintiff (*Brown v. Hayes*, 33 Ga. 136 (1) [Supplement]; *Prater v. Sears*, 77 Ga. 28, 34; *Lee v. Lee*, 191 Ga. 728, 734, 13 SE2d 774), or that performance on his part was for valid reason excused; that the defendant breached the contract (*McDaniel v. Featherstone*, 135 Ga. 387, 69 SE 535; *Douglas v. Langford*, 206 Ga. 864, 869, 59 SE2d 386), and damage was thereby caused the plaintiff.

The plaintiff admits, and from the averments of the petition it is apparent, that he did not discharge the obligation assumed under the terms of the contract. However, it is alleged that his failure to carry out the contract was through no fault of his, because the defendant breached the contract and such breach rendered performance on the plaintiff's part impossible.

The breach of the contract attributed to the defendant was a failure to furnish money and deliver materials in the quantities and at the time provided by the contract for the building of the five houses on plaintiff's lots # 1, 2, 3, 4, and 5. The petition related that, due to delay in furnishing the materials and money and the refusal by the defendant to supply either money or materials, the plaintiff was unable to complete construction of the houses; and that, as a result, he could not sell the houses and from the proceeds of the sale pay the defendant so much as might be due for the money and materials as were already furnished. It was alleged that under the terms of the contract the defendant was to furnish the plaintiff $20,000 in materials and the same amount in money to build the five houses; $4,000 in money and $4,000 in materials were to be furnished for the building of each house.

The materials were, according to the petition, to be delivered as "needed and requested." The money was to be advanced on an instalment basis at stipulated stages of construction: when the house was subfloored, at which time the plaintiff was to receive 20 percent of $4,000; when the house was dried in, sides walled in, utilities roughed in, roof on the house, at which time the plaintiff was to receive 30 percent of $4,000; when the house was bricked, sheet rocked on the inside, carport and stoop paved with cement and floored, at which time the plaintiff was to re-

ceive 30 percent of $4,000; when the house was completed, accepted and approved by the F.H.A. after inspection, at which time the plaintiff was to receive 20 percent of $4,000. The petition alleged that at the time the contract was entered into the plaintiff requested immediate delivery of the materials. It was also related that only $324.45 of materials were delivered to lot # 3 and none to lots # 4 and 5. However, there was no averment that construction was even begun on the three lots or that material was needed for building on any of them. The actual complaint made by the petition was that, after furnishing $3,483 in money and $9,499.44 in building materials for the construction on lots # 1 and 2, the defendant refused to pay $1,200 which would be due on the "3rd Draw," i.e., when the house was dried in, sides walled in, utilities roughed in, and the roof on the house.

The petition alleged that the houses on lots # 1 and 2 were 80 percent complete and had been since August, 1959, but there was no averment that the defendant would be under any obligation to pay the alleged "3rd Draw" at that time. The houses might well be 80 percent complete and still there be no compliance by the plaintiff with the requirement in reference to the "3rd Draw."

No obligation of the defendant to advance the $1,200 at the time it was demanded nor at the time the suit was filed was alleged. The petition failed to show that the defendant breached the contract in any particular, or prevented the plaintiff's performance of the same. Therefore no cause for the recovery of simple damages was set forth.

■ Counts 1 and 2 of the amended petition alleged that there was an agreement entered into by the parties contemporaneously with the execution of the promissory note and security deed, and that such agreement, the note and deed together constituted the contract under which the five houses were to be constructed. The agreement prescribes the amount of materials and money the defendant would be required to supply for the construction of the houses, the conditions and terms under which the materials were to be delivered, and the money advanced. Its provisions, as related to the matters referred to, were com-

patible and consistent with the provisions of the note and deed. However, according to the petition, the agreement stipulated that the note would not become due or the security deed subject to foreclosure 120 days after the date on which the instruments were executed, but only when the five houses were completely built and had been sold. There was an express stipulation contained in both the note and deed that they would mature 120 days after they were executed; so, obviously, the provision of the contemporaneous agreement fixing the due date at another and different time was contradictory and contrary to the provisions of the note and deed.

■ The petition prays that the defendant be enjoined from exercising the power of sale contained in the security deed previously discussed in this opinion. The alleged grounds of injunction are: that the defendant failed to furnish the full amount of $40,000 to be used by the plaintiff in constructing the five houses, that the $40,000 constituted the sole consideration for the deed and the note it was made to secure; that the building contract was entire, not severable, and that failure on the defendant's part to supply the full amount of money and materials he was obligated to deliver and advance under the terms of the contract barred his right to recover the amount that was advanced through the foreclosure of the security deed.

We have ruled that the averments of the petition did not show a breach of the contract on the part of the defendant. The ruling disposes of the grounds of injunction relative to the defendant's failure to abide by and comply with the terms of the contract.

The petition sets out as another ground of injunction that the defendant only furnished an aggregate of $13,306.89 in money and materials, but is demanding the sum of $16,725.67 in satisfaction of the note and security deed. No tender of the $13,306.89 is alleged. The rule is as enunciated in *Latimer v. Lyon*, 177 Ga. 888 (1) (171 SE 562): "A petition for injunction to restrain the defendants from exercising a power of sale in a security deed was demurrable on the ground that the plaintiff did not offer to do equity by paying the secured debt admittedly due." In addition see *Poulk v. Cairo Banking Co.*, 158 Ga.

338, 342 (123 SE 292); and *Auld v. Cobb Exchange Bank,* 204 Ga. 729, 731 (51 SE2d 635).

The right of the plaintiff will not be prejudiced or injustice done him by the property described in the security deed being sold under the power of sale, because the defendant will be permitted to retain only so much of the proceeds of the sale as may be collectible under the provisions of the deed and the note.

*Judgment affirmed. All the Justices concur.*