### 44277. TURPIN v. NORTH AMERICAN ACCEPTANCE CORPORATION.

SUBMITTED FEBRUARY 4, 1969—DECIDED FEBRUARY 17, 1969.

*William T. Brooks,* for appellant.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellee.

EBERHARDT, Judge. The only enumeration of error is as to the direction of the verdict. Hence the only question for determination is whether, under the pleadings and the evidence, plaintiff was entitled to recover under any theory.

■ Conceding that the manager of North American promised plaintiff in December, 1960, that she would be afforded time in which to bring her payments to a current condition and that the contemplated foreclosure would be held up pending her doing so, we do not find the necessary elements of certainty (as to when the arrearages would be paid), mutuality (plaintiff was bound to do no more than she was already bound by law to do), or consideration (plaintiff neither gave nor received any new consideration for the alleged promise) which constitute a valid agreement for an extension of time. *Lee v. Wilmington Savings Bank,* 31 Ga. App. 327 (1) (120 SE 689). The promise to extend the time for payment of the arrearages, as well as that

to forbear foreclosure of the security deed were mere naked ones, unenforceable in any court of law. *Bennett v. Williams,* 54 Ga. 525; *Cox v. Henry,* 172 Ga. 609 (158 SE 296); *Byrd v. Equitable Life Assur. Society,* 185 Ga. 628, 635 (196 SE 63); *Holmes v. First Nat. Bank of Arcadia,* 19 Ga. App. 810 (2) (92 SE 298); *Jones v. Lawman,* 56 Ga. App. 764, 772 (194 SE 416); *Quillian v. Mabry,* 88 Ga. App. 817, 818 (78 SE2d 97). Cf. *Druid Hills v. Doughman,* 171 Ga. 521 (156 SE 229); *Holliday & Co. v. Poole,* 77 Ga. 159 (2); *Bush & Bro. v. Rawlins,* 89 Ga. 117 (14 SE 886); *Davis & Co. v. Morgan,* 117 Ga. 504 (43 SE 732, 61 LRA 148, 97 ASR 171); *Johnson v. Hinson,* 188 Ga. 639 (2) (4 SE2d 561); *Jones v. Central Builders Supply Co.,* 217 Ga. 190, 195 (121 SE2d 633).

"[T]he action of the [creditor] in expressing her willingness to allow the [debtor] to make the payments after their due date was not inconsistent with her right to declare a forfeiture. She did not represent that her forbearance would be continued for any particular length of time, and the [debtor] in preparing the land for cultivation should have known that he might be called upon to make the payments at any time." *Cottle v. Tomlinson,* 192 Ga. 704, 711 (16 SE2d 555).

Nor was a new consideration supplied by Mrs. Turpin's agreement to pay the arrearages (*Rutledge v. Temple Banking Co.,* 31 Ga. App. 686 (1) (121 SE 707)) or to pay interest thereon from maturity until payment. *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940); *Jones v. Lawman,* 56 Ga. App. 764, 772, supra. She was already bound by law to pay interest thereon at the legal rate, or at the contract rate if specified in the instrument. *Code* § 57-110. Cf. *Matthews & Son v. Richards,* 13 Ga. App. 412 (2) (79 SE 227); *Helton v. Taylor,* 58 Ga. App. 630 (199 SE 580).

The mere breach of a valid, enforceable contract does not amount to fraud. *Georgia R. & Bkg. Co. v. Kent,* 92 Ga. 782, 785 (19 SE 720); *Brooke v. Cole,* 108 Ga. 251 (33 SE 849); *Echols v. Howard,* 17 Ga. App. 49 (86 SE 91); *Snow's Laundry &c. Co. v. Ga. Power Co.,* 61 Ga. App. 402, 404 (6 SE2d 159). A fortiori failure to observe an agreement by which one is not bound and which is unenforceable cannot amount to fraud.

"It is contrary to common sense to rely upon a promise that is not legally binding upon the person making it." *Adamson v. Maddox,* 111 Ga. App. 533, 536 (142 SE2d 313).

The asserted representations by North American that it would forbear the foreclosure in January following and would allow plaintiff to catch up her arrearages, though false, were not as to past or present fact. "A false promise to perform an act in the future is not a false pretense or false representation," and does not constitute the basis of an action for fraud. *Stephens v. Milikin,* 35 Ga. App. 287 (2) (133 SE 67); *Clinton v. State Farm Mut. Auto Ins. Co.,* 110 Ga. App. 417 (1) (138 SE2d 687).

Further, parol evidence is not admissible to vary the terms of payment or the date of maturity of a promissory note, or to engraft upon the note a provision for the extension of time. *Crooker v. Hamilton,* 3 Ga. App. 190 (3) (59 SE 722); *Sasser v. McGovern,* 11 Ga. App. 88 (74 SE 797); *Matthews & Son v. Richardson,* 13 Ga. App. 412, 413 (79 SE 227); *Tennille Banking Co. v. Ward,* 29 Ga. App. 660, 664 (116 SE 347); *Johnson v. Cobb,* 100 Ga. 139 (1) (28 SE 72); *Stapleton v. Monroe,* 111 Ga. 848 (36 SE 428); *Brewer v. Grogan,* 116 Ga. 60 (42 SE 525); *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223).

Mrs. Turpin asserts that North American concealed the fact of the foreclosure from her and did so for the purpose of defrauding her in the collection of further payments on the obligations after the foreclosure, but this is not sustained. She admits having received from North American notice that the foreclosure would take place. The foreclosure deed, which is in the record, recites that the sale was made after advertising the time, place and items in the official gazette of Gwinnett County, wherein the property is located, in compliance with all requirements of the power of sale contained in the deed and of the laws of this State. Thus, she was constructively notified by the advertising that the foreclosure would take place on the first Tuesday in February, 1961. This fulfilled the requirements of the deed and of the law. *West Lumber Co. v. Shnuck,* 204 Ga. 827 (1) (51 SE2d 644); *Massey v. National Homeowners &c. Corp.,* 225 Ga. 93, 98 (5). The foreclosure deed, conveying title to North American was recorded in the deed records of Gwinnett County February 17, 1961, giving construc-

tive notice to all, including Mrs. Turpin, of the fact of foreclosure. There was, therefore, no concealment of it, and her charge that in this manner she was defrauded must fail. *Cox v. Henry*, 172 Ga. 609 (158 SE 296). Cf. *Ga. Kaolin Co. v. Walker*, 54 Ga. App. 742 (189 SE 88).

She urges that because she did not learn of the foreclosure until June, 1962, she continued making payments for property that she did not own. If the property brought a sufficient amount at the foreclosure sale to pay the balance of the debt in full, together with costs of sale, her remedy would be an action for money had and received against those to whom payments were made after that time. But if there was a balance unpaid after applying the proceeds of the sale she was nevertheless obligated to pay it. Mere foreclosure and sale of the property does not release the maker of the note and security deed of his obligation if there is a deficiency. It is true that North American could not sue on the deficiency and obtain a judgment unless the sale was confirmed by the superior court, (*Code Ann.* § 37-608) and it does not appear from this record whether a confirmation was obtained. But failure to do so does not invalidate the remaining obligation; it simply renders it impossible for the holder to sue on it, just as would a discharge in bankruptcy of the maker, properly pleaded. *Powers v. Wren*, 198 Ga. 316, 321 (31 SE2d 713).

The plaintiff in every action has the burden of establishing his right to recover, and it was incumbent upon Mrs. Turpin to show that the property sold for enough to satisfy the whole of the debt and the costs of sale before it would appear that she had done other than to pay on her obligation. This she wholly failed to do.

■ In making its motion for directed verdict North American urged that the judgment in its favor in the dispossessory proceeding[1] is res judicata of all issues which were raised or which might have been raised in it, including the matter of whether the

---

[1]As to the propriety of this action against the grantor when she remained in possession after foreclosure, see *Price v. Bloodworth*, 55 Ga. App. 268 (189 SE 925); *Lanier v. Dyer*, 112 Ga. App. 558 (145 SE2d 621).

foreclosure sale was void by reason of a waiver or estoppel to declare the whole of the debt to be due and to proceed with the exercise of the power of sale after having promised Mrs. Turpin that payment of the arrearages could be delayed and that the foreclosure would not proceed as planned in January, 1961. This question was settled adversely to Mrs. Turpin by the rulings in *Cottle v. Tomlinson,* 192 Ga. 704, supra, because she admits that after learning of the foreclosure she remained in possession for some six months without making any payments of any kind before the proceedings were instituted, and there was no tender of the amount due before she received notice to vacate the land, or in her answer, and in the ruling in *Hammond v. Thornton,* 107 Ga. 259 (33 SE 183), where the judgment in the dispossessory proceeding was held to be res judicata under facts similar to those here. See also *Garrick v. Tidwell,* 151 Ga. 294 (106 SE 551).

The charge of fraud is unsupported. If the action could be treated as one for breach of contract, a directed verdict for the defendant was nevertheless proper, since plaintiff fails to show that the alleged contract to forbear foreclosure and to delay collection of arrearages was an enforceable one, and for the further reason that the only damages sought are under *Code* § 105-2003, being punitive or vindictive damages, and these are not recoverable for breach of contract. *Code* § 20-1405; *Jones v. Central Builders Supply Co.,* 217 Ga. 190, 195, supra; *Ford v. Fargason,* 120 Ga. 708 (2) (48 SE 180); *Hadden v. Southern Messenger Service,* 135 Ga. 372 (2) (69 SE 480); *Overstreet v. Schulman,* 77 Ga. App. 320 (1c) (48 SE2d 474).

There were no issues for submission to the jury.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*