### 47598.   BLACKMON v. DeKALB PIPELINE COMPANY, INC.

EBERHARDT, Presiding Judge. This is an appeal by the revenue commissioner from an order denying his motion for summary judgment and granting it in favor of DeKalb Pipeline Company, Inc., setting aside a tax assessment under the Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended; *Code Ann. Ch.* 92-34a) The assessment, insofar as contested, was based upon the commissioner's determination that DeKalb Pipeline's use of pipe furnished by DeKalb County and installed by DeKalb Pipeline as water mains in new subdivision developments in the county was taxable under Section 4a of the Act (*Code Ann.* § 92-3448a); and that such use was not exempt under Section 3 (C) 2 (t) (*Code Ann.* § 92-3403a (C) 2 (t)). The former section provides that "Any person who contracts to perform services ... and is furnished tangible personal property for use under the contract by the person ... for whom the contract is performed and a sales or use tax has not been paid" by the supplier shall be deemed to be the consumer of the property so used and shall pay the use tax. Section 3 (C) 2 (t) exempts from that tax "Transactions wherein tangible personal property is furnished by ... a county ... to any person, firm or corporation which contracts to perform services for any such governmental entity for the installation, repair or extension of any public water ... system of such entity," provided "such tangible personal property is installed

for general distribution purposes, but shall not include tangible personal property installed to serve a particular property site."

In the instant case, under procedures prescribed by the Code of DeKalb County, DeKalb Pipeline, a contractor approved by the county, contracted with subdivision developers to install water mains in the subdivisions; and the developers in turn agreed with the county to furnish the labor for laying the pipe owned and furnished by the county, the labor to be performed by an approved contractor. With respect to the exemption provided for by Section 3 (C) 2 (t) of the Act, the commissioner contends that the pipe was "installed to serve a particular property site" within the meaning of the proviso to the exemption, and that the developers were not under contract with the county to perform installation services so that DeKalb Pipeline could not be considered a subcontractor performing an included portion of the work. *Held:*

1. Since we find that DeKalb Pipeline's use of the pipe furnished by the county is exempt under Section 3 (C) 2 (t), it is unnecessary to consider DeKalb Pipeline's contention that its use of the pipe was not taxable in the first instance under Section 4a.

2. (a) The commissioner argues that since the contract between the developers and DeKalb Pipeline provided that the water mains were to be installed in the developers' subdivisions, they were "installed to serve a particular property site" rather than for general distribution purposes. This contention is without merit. The evidence is undisputed that the water mains are the property of the county prior to and after installation; that they are installed upon property over which the county gains a permanent easement; that once operational they serve new residential customers; that they are installed in such a way as readily to permit extensions to adjoining areas as the need arises; that as the county is developed, they are extended and become an additional network of the county water system; and that once installed they are

part of the general water system of the county used for general distribution purposes. In fact the commissioner concedes that "True, once the water mains were installed, the subdivision plat approved, and the lots sold, the water mains would provide general distribution and would not serve a particular property site," but argues that the effect of the exemption is to reduce the costs of the developer without affecting the county. However, courts are not authorized to disregard the plain meaning of statutes because of a supposedly unwise effect.

(b) The commissioner concedes that Section 3 (C) 2 (t) exempts not only use of county pipe by a prime contractor with the county, but also use by a subcontractor performing an included portion of the work; that DeKalb Pipeline's contract to install pipe was with the developer; and that "if the owner-developer were in turn under contract with DeKalb County, DeKalb Pipeline's use would, as noted, be exempt." It is urged, however, that since one cannot "contract" to perform that which he is bound by law to perform, and since the Code of DeKalb County requires an owner-developer to provide for the installation of water mains in order to obtain county approval of a subdivision plat, the developer's agreement to furnish labor for laying of the mains is no more than a restatement of his pre-existing legal obligation under the county code.

"The general rule is that a promise to do that which the promisor is already legally bound to do, or the performance of an existing legal obligation, does not constitute consideration, or sufficient consideration, for a contract." 17 AmJur2d 465, Contracts, § 119. The principle is well settled. See, e.g., *Bennett v. Williams,* 54 Ga. 525; *Stovall v. Hairston,* 55 Ga. 9 (1); *Holliday & Co. v. Poole,* 77 Ga. 159 (2); *Carlton v. Western & A. R. Co.,* 81 Ga. 531 (3) (7 SE 623); *Bush v. Rawlins,* 89 Ga. 117 (14 SE 886); *Richmond & D. R. Co. v. Walker,* 92 Ga. 485 (1) (17 SE 604); *Blalock v. Jackson,* 94 Ga. 469 (3) (20 SE 346); *Lee v. Savannah Guano Co.,* 99 Ga. 572 (27 SE 159, 59 ASR

243); *Davis & Co. v. Morgan,* 117 Ga. 504 (43 SE 732, 61 LRA 148, 97 ASR 171); *Willingham Sash & Door Co. v. Drew,* 117 Ga. 850 (45 SE 237); *Phinizy v. Bush,* 129 Ga. 479 (6) (59 SE 259); *Dutton v. Faulk,* 159 Ga. 736 (2) (126 SE 718); *Creswell v. Bryant Hardware Co.,* 166 Ga. 228 (1) (142 SE 885); *Druid Hills v. Doughman,* 171 Ga. 521 (156 SE 229); *Cox v. Henry,* 172 Ga. 609 (1) (158 SE 296); *Byrd v. Equitable Life Assur. Society,* 185 Ga. 628, 635 (196 SE 63); *Johnson v. Hinson,* 188 Ga. 639 (2) (4 SE2d 561); Restatement, Contracts, p. 83, § 76 (1932). It is not applicable here, however, since at the time the agreement between the developer and the county was executed, the developer was under no pre-existing, unconditional legal duty "to furnish all labor for laying water mains." The developer was required to provide for the installation of water mains only as a condition precedent to obtaining county approval of the subdivision plat, but the developer was under no existing legal obligation to the county to develop the subdivision at all, or to obtain such approval upon subdividing. Approval of the plat was required only if the developer wished to record it or to sell lots by reference to it. The instant case thus differs from the nudum pactum cases cited above, where, for example, a husband agreed to pay his wife for performing household duties which she was already obligated to perform by virtue of the marital relationship (*Lee v. Savannah Guano Co.,* 99 Ga. 572, supra), or where a landlord promised personal property to his tenant for faithful and prompt payment of the agreed-upon rent (*Bush v. Rawlins,* 89 Ga. 117, supra).

Moreover, as recognized by the commissioner, the contract between the developer and the county provided for matters not delineated by the county code, such as the developer's agreement to pay the county sixty cents per linear foot of mains furnished by the county. Hence even if the developer were under a pre-existing legal obligation to furnish the labor, the additional undertaking by the developer furnished sufficient consideration for the contract.

17 AmJur2d 470, Contracts, § 124; Restatement, Contracts, p. 95, § 84 (1932).

  *Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED OCTOBER 6, 1972—DECIDED OCTOBER 23, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant.
*Smith & Millikan, Troy R. Millikan,* for appellee.