55494. SANDS et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.

McMURRAY, Judge.

During the early part of 1972 Weldon Wright entered into a joint venture with two others (Sands and Eason) who held a lease on a farm in Chatham County to go into the cattle business. Wright contends he furnished money

to buy the cattle and the other two would purchase and care for them; feed, medicate and market them at their expense on a 50/50 basis. This agreement was allegedly changed from a 50/50 profit split to a 50/50 herd ownership. The lessees later obtained a loan from Dixie Production Credit Association and thereafter considerable financing was accomplished between them and Dixie which recorded its security instrument using the cattle as security. Wright then initiated a loan from the Citizens & Southern National Bank, and it recorded its security instrument subsequent to that of Dixie also using the cattle as security. Due to the depression of the cattle market and Wright's note becoming due and his attempt to obtain an additional loan from Citizens & Southern National Bank he was referred by the bank to Dixie Production Credit Association. Wright then contends he learned for the first time of Dixie's loan to his joint venturers.

After all concerned became aware of the various loans on the cattle venture all the parties met on September 27, 1974, in an effort to work out an agreement for a solution to the problem. The Wright note was due on October 29, 1974, and the Sands' note on November 15, 1974. These dates came and passed with no action being taken. In January, 1975, some of the cattle were sold to reduce the herd and another meeting was held to determine how to proceed.

Thereafter, Citizens & Southern National Bank filed a complaint for writ of possession, a restraining order to prevent further sale of the cattle and appointment of a temporary receiver to take possession of the cattle. The cattle were eventually sold by the receiver. Dixie Production Credit Association filed an answer and also a claim against Sands and Eason. Sands answered and counterclaimed against Citizens & Southern National Bank and cross claimed against Dixie Production Credit Association. Wright filed his answer, counterclaim against Citizens & Southern National Bank, and cross claim against Sands, Eason and Dixie Production Credit Association.

The case proceeded to trial and after all parties had completed the presentation of evidence, the court directed

verdicts on behalf of the lenders against the defendants Wright and Sands. Wright then filed a motion for new trial which was later amended and denied. Whereupon Wright and Sands jointly appeal. *Held:*

1. The sale of the collateral here was not by the secured party, but by the receiver, appointed by a court of equity, consequently Code Ann. § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 422) was not applicable, the sale having been made pursuant to court order which was subsequently confirmed by the court. The trial court did not err in denying the motion for directed verdict against the plaintiff in failing to give timely and proper notice of the sale of the collateral (cattle).

The issue of notice of the judicial sale by the receiver should have been raised in an attack on the decree which authorized the sale by the receiver. See *Kurfees v. Davis,* 178 Ga. 429 (1, 2, 3) (173 SE 157). We find no attack on that judgment and decree here. See *Hurt Bldg., Inc. v. Atlanta Trust Co.,* 181 Ga. 274 (2, 4) (182 SE 187). All enumerations of error complaining of the failure of the Citizens & Southern National Bank to give notice as required by the Uniform Commercial Code are not meritorious.

2. All other enumerations of error are here considered in making a decision as to whether or not the trial court erred in directing a verdict in favor of the plaintiff against the defendants both as to the main action and counterclaims, as well as the direction of the verdict in favor of defendant Dixie Production Credit Association against defendant Sands as to his indebtedness and also against defendant Sands and defendant Wright, "on their respective counterclaims." Defendants' contentions are that all the various parties met and entered into an oral agreement to extend the loan or forbear to foreclose upon the cattle until some future date. The alleged consideration was that the bank and Dixie promised to forbear foreclosure in return for defendants' promise to feed and maintain the herd and implement an inventory control system. However, defendant Sands only testified as to ownership of the cattle, and his "agreement" to continue to feed and care for them. If such owner (or having such cattle in his possession, if in fact they were

the property of defendant Wright), he was already obligated to feed and care for them; hence, no new consideration resulted from his claimed "promises." See *Quillian v. Mabry,* 88 Ga. App. 817, 818 (2) (78 SE2d 97); *Cottle v. Tomlinson,* 192 Ga. 704, 711 (16 SE2d 555); *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212 (1), 218 (166 SE2d 588). Further, the testimony that the alleged forbearance was until spring or thereafter, or until the market turned around, is vague and indefinite and merely speculative as to the alleged existence of the extension or forbearance of the indebtedness, past due and unpaid. The terms of a contract must be certain so that "neither party can reasonably misunderstand them." *Green v. Zaring,* 222 Ga. 195, 197-199 (149 SE2d 115). See also *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 750 (1) (236 SE2d 877); *Pepsi-Cola Co. v. Wright,* 187 Ga. 723, 727 (1) (2 SE2d 73).

Further, since the trial court directed the verdict because of the lack of a contract, the indebtedness having been admitted as past due and unpaid, it likewise did not err in holding the evidence failed to show the existence of fraud or conspiracy on the part of the plaintiff and defendant Dixie Production Credit Association as against these defendants. See *Adamson v. Maddox,* 111 Ga. App. 533, 536 (142 SE2d 313); *Ballentine Motors of Ga., Inc. v. Nimmons,* 93 Ga. App. 708, 709 (2) (92 SE2d 714); *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212 (1), 215, supra.

The direction of the verdict in favor of the plaintiff bank and the defendant Dixie which was demanded by the evidence makes it unnecessary to consider all other enumerations of error, since the affirmance of this judgment adversely to the defendants (appellants) renders it unnecessary to consider the various and sundry enumerations of error raised by them.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Argued March 7, 1978 — Decided July 3, 1978 — Rehearing denied July 28, 1978.

*Alton D. Kitchings, Falligant, Sims, Hunter & Donaldson, Robert E. Falligant, Jr., Richard C. Metz,* for appellants.

*Adams, Adams, Brennan & Gardner, Sam P. Inglesby, Jr., Kathleen Horne, Brannen, Wessels & Searcy, Perry Brannen, Jr.,* for appellees.