BOOTH, Judge.
This cause is before us on appeal from a final judgment awarding plaintiff $36,-941.88 in principal and interest arising out of a breach in a financial agreement. We affirm.
Appellant Charles R. Couch, Jr. signed two personal guaranties in favor of appel-lee Borg-Warner Acceptance Corporation to support the inventory security agreement which financed the inventory of appellant’s electronics store, Couch’s, Inc. The guaranties were signed in 1973 and 1982. In 1976, appellant resigned his position as president of Couch’s, Inc. and sold all of his stock to his son Raymond Couch. In 1987, Couch’s, Inc. closed. Appellant defaulted on the underlying floor plan by failing to make timely payments and by the store’s filing for protection from creditors under the Federal Bankruptcy Laws.
Raymond Couch’s bankruptcy attorney, Lansing J. Roy, communicated with the major creditors of Couch’s, Inc. to resolve *371 the indebtedness and suggested a sale of the remaining inventory. The parties agreed that a sale of inventory would take place in late August. Appellee formally objected to the sale of inventory on August 12 and 20, 1987. On August 26, 1987, approximately three days prior to the sale, appellee agreed to the sale. Two days later, appellee signed a stipulation.
There is some dispute as to whether the bankruptcy trustee notified appellant of the sale. The only notification given to appellant by appellee was a letter dated August 18, 1987, which stated the amount of deficiency and demanded payment within 30 days. The letter made no mention of the sale, nor did it give any indication a sale was being considered.
Appellant contends that because appellee had so much control over the trustee’s sale and worked so closely with the trustee on the sale, appellee should have given him notice of the sale pursuant to Section 679.-504(3), Florida Statutes, and is therefore not entitled to a deficiency judgment.
Section 679.504, Florida Statutes, provides, in pertinent part:
679.504 Secured party’s right to dispose of collateral after default; effect of disposition.—
[[Image here]]
(3) ... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale and, except in the case of consumer goods, to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state....
The notice requirement in Section 679.-504(3), Florida Statutes, was clearly intended to apply only to the sale of goods by secured creditors and not by trustees in bankruptcy. Although there are no Florida cases directly interpreting this provision, other jurisdictions have unanimously interpreted the same provision of the Uniform Commercial Code as applying only to those instances where the secured creditor has taken possession and control of the personalty involved. See Executive Bank of Fort Lauderdale v. Tighe, 54 N.Y.2d 330, 445 N.Y.S.2d 425, 429 N.E.2d 1054 (N.Y.App.1981) (interpreting the notice requirement in Section 9-504, as adopted by the State of Florida, as applying only to sales of collateral by a secured party); see also United States v. Harris, 54 B.R. 614 (D.C.Me.1985) (holding the notice requirement in Section 9-504(3) of the Uniform Commercial Code applies only to the sale of collateral by the secured creditor and not to the disposition of collateral by a trustee in bankruptcy); Sands v. Citizens & Southern National Bank, 146 Ga.App. 853, 247 S.E.2d 544 (1978) (holding notice requirements did not prevent creditor from seeking a deficiency judgment where sale of collateral was conducted by a court-appointed receiver). Although the Harris case suggests a possible exception where the trustee acts as an agent of the secured creditor, the record in the present case demonstrates that the trustee was not acting as appellee’s agent.
The notice requirement is inapplicable to the present case. The notice at issue involved a trustee’s sale. Appellee never had control or possession of the inventory prior to the trustee’s sale. Accordingly, the trial court’s final judgment is AFFIRMED.
WENTWORTH and ERVIN, JJ., concur.